**UNITED STATES of America,
Appellee,**

v.

**Antonino FARINA, Appellant.
No. 89, Docket 23210.**

United States Court of Appeals
Second Circuit.

Argued Nov. 12, 1954.

Decided Dec. 3, 1954.

Anthony A. Calandra, Newark, N. J., (Louis Mansdorf, New York City, of counsel), for appellant.

J. Edward Lumbard, U. S. Atty., for the Southern Dist. of New York, New York City (Peter M. Brown and Robert P. Patterson, Jr., New York City, of counsel), for appellee.

Before CLARK, Chief Judge, and FRANK and HARLAN, Circuit Judges.

**FRANK, Circuit Judge.**

Three counts of the indictment under which appellant was tried charged Roger Coudert with illegal possession and distribution of heroin. The fourth count charged that Farina and Coudert con-

spired together to sell heroin. Coudert's conviction on all counts is not appealed.

The government argues that from the evidence the jury could reasonably find the following:

Coudert and Farina were members of a ring trafficking in drugs between Mexico City and New York. Sometime in 1953, Coudert brought six kilos of heroin from Mexico City to New York in the false sides of two trunks. He delivered them to Farina. Farina sold them and accounted to Coudert for their proceeds.

In December, 1953, Coudert met two men posing as potential drug purchasers. He agreed to supply them regularly with narcotics. As a starter, he promised to retrieve—for sale to them—a part of the six kilos he had previously delivered to Farina. The government aborted the transaction by arresting Coudert and Farina on the eve of Farina's flight to Mexico.

Farina argues that there was insufficient evidence to justify the jury's finding that he was a party to the conspiracy.

1. The bulk of evidence adverse to Farina consisted of conversations between Coudert and the two men whom Coudert believed, at the time of the conversations, to be potential purchasers of heroin, but who were, in reality, Bureau of Narcotics agents. Farina was not present at any of these conversations. Thus their content was, as to him, inadmissible hearsay unless the government could independently establish Farina's connection with the conspiracy. United States v. Nardone, 2 Cir., 106 F.2d 41, 42, reversed on other grounds 308 U.S. 338, 60 S.Ct. 266, 84 L.Ed. 307; Montford v. United States, 5 Cir., 200 F.2d 759.

Independent evidence of Farina's connection with the conspiracy included the following:

■ (1) Confronted with Coudert, Farina, denied that he had ever before seen him. Such an exculpatory statement, when proved to be false, is circumstantial evidence of "guilty consciousness" and has "independent probative force." United States v. Smolin, 2 Cir., 182 F.2d 782, 786.

(2) There were a series of meetings and telephone calls between Farina and Coudert, in the ten-day period immediately prior to their arrest, during which they were under constant surveillance by the government.

■ (3) There was evidence of a conversation between Coudert and Farina, overheard by an eavesdropping government agent employing an electronic device. Introduction of evidence so obtained is permitted by the doctrine of Goldman v. United States, 316 U.S. 129, 62 S.Ct. 993, 86 L.Ed. 1322. Farina's reference, in the conversation, to Mexico, to "the entire six kilos you have given me," to "we'll make the final accounting," to "24,000" and "12,000," all tended to establish his role in the conspiracy, when coupled with other evidence.

(4) Various exhibits were found in the possession of Farina and Coudert at the time of their separate but simultaneous arrests, e. g., Coudert had $100 bills in numerical sequence with $100 bills found in Farina's possession; Farina had an amount of cash equal to the amount mentioned to Coudert during the eavesdropping conversation; each had slips containing telephone numbers (including Mexico City numbers) called by the other; each had papers in identical handwriting.

■ We find the above evidence, viewed—as it must be—in the light most favorable to the government, sufficient to permit the jury to infer Farina's connection with the conspiracy.

■ 2. The defendant argues that the evidence shows that the relationship between him and Coudert was merely that of buyer and seller, The short answer is that, operating under proper instructions from the judge, the jury found otherwise.

Affirmed.