UNITED STATES of America, Appellee,

v.

James Joseph PAGE and John Thomas Barnable, Appellants,

No. 247, Docket 25946.

United States Court of Appeals Second Circuit.

Argued March 9, 1960.

Decided April 6, 1960.

**4**

Arnold B. Elkind, New York City (Herbert Zelenko and Paul H. Kirwin, New York City, on the brief), for appellants.

Kevin Thomas Duffy, Asst. U. S. Atty., S.D.N.Y., New York City (S. Hazard Gillespie, Jr., U. S. Atty., and Arnold N. Enker, Asst. U. S. Atty., New York City, on the brief), for appellee.

Before CLARK, WATERMAN, and LEWIS,* Circuit Judges.

PER CURIAM.

Defendants Page and Barnable appeal their conviction, after trial before the court, of conspiring to embezzle or steal interstate freight in violaton of 18 U.S.C. §§ 371, 659, and Page also appeals his conviction of the substantive offense. They assign the insufficiency of the evidence to sustain the convictions. They were employed as brakemen on a New York Central switching crew serving the Railway Express West Side Terminal in New York City. On February 18, 1959, the switching orders required that three of the four railroad cars on Track 2 be moved further into the terminal and that the fourth car, an empty refrigerator car or reefer, be removed from the terminal. They entered three of the cars and, upon emerging from the third, Page carried a carton which he placed on the platform. The carton contained a tape recorder, bound for Tucson, Arizona. After a short conversation Barnable walked toward the rear of the platform and signaled the engine to back up until the empty reefer was opposite Page and the carton. Page thereupon placed the carton in the reefer and closed the car door with the assistance of the conductor. As the engine and reefer left the terminal, FBI agents who had observed these happenings stopped the train, removed the carton from the reefer, and took the defendants into custody. Additionally federal agents, who had the terminal under surveillance, testified that on four previous occasions the defendants had picked up parcels, examined them, and engaged in conversation before replacing them.

■■ The trial judge evidently concluded that the removal of the carton from the car to the platform might have been necessary for protection of the freight so that Page's initial possession was lawful. We need not decide whether such possession, coupled with the subsequent appropriation, technically constituted embezzlement as distinguished from larceny, since these fine distinctions are inapplicable to the consolidated statutory offense. See United States v. O'Connell, 2 Cir., 165 F.2d 697, certiorari denied O'Connell v. United States, 333 U.S. 864, 68 S.Ct. 744, 92 L.Ed. 1143; United States v. De Normand, 2 Cir., 149 F.2d 622, certiorari denied 326 U.S. 756, 66 S.Ct. 89, 90 L.Ed. 454. The indictment, framed in the statutory language, charged that the defendants "with intent to convert to their own use, did embezzle, steal, take and carry away" the carton. The evidence supports a finding of unlawful taking or conversion of the chattel with intent to deprive the owner thereof, and this suffices under the statute. Defendant Page's possession of the carton was sufficiently demonstrated by its removal from the terminal, even though the intended method of retrieving the chattel was not shown. The evidence was likewise adequate to support an inference that the conversion was in furtherance of a conspiratorial agreement.

---

* Of the Tenth Circuit, sitting by designation.

■ Defendants also complain of the admission of sworn statements made by them to the FBI, offered by the prosecution as false exculpatory statements under the doctrine of United States v. Smolin, 2 Cir., 182 F.2d 782. See United States v. Farina, 2 Cir., 218 F.2d 62; United States v. Simone, 2 Cir., 205 F.2d 480. Defendants urge that the statements were not shown to be false, to which the government replies that then their admission was harmless. But defendants counter that the introduction of these statements forced them to take the stand and testify in their own defense. Actually, however, the trial judge had admitted the statements only provisionally, and had ruled that they would be stricken if not shown to be false. By failing to urge such a motion at the conclusion of the government's case the defendants have waived any claim of error here.

Judgment affirmed.