**UNITED STATES of America, Plaintiff,**

v.

**John BLACKSHERE, Defendant. Crim. No. 23260.**

United States District Court
D. New Mexico.

April 10, 1968.

John Quinn, U. S. Atty., Jack Love, Ass't. U. S. Atty., Albuquerque, N. M., for the United States.

Charles G. Berry, McAtee, Marchiondo & Michael, William C. Marchiondo, Albuquerque, N. M., for defendant.

## MEMORANDUM OPINION

BRATTON, District Judge.

The defendant in this case, John Blackshere, was indicted by the Grand Jury under the provisions of 18 U.S.C.A. § 2316, relating to the interstate transportation of stolen cattle. He has moved to quash the indictment on the ground that it fails to charge a crime against the United States.

The defendant's motion is premised upon the wording of the indictment, the pertinent part of which charges that he

"did cause to be transported in interstate commerce * * * stolen cattle * * * and [that he] did then and there know said cattle to have been stolen. In violation of 18 U.S.C. § 2316."

The gravamen of the defendant's attack upon the indictment is that it fails to allege all the essential elements of the crime with which he is charged.

The indictment does not charge the defendant in the statutory language with having himself transported the stolen cattle in interstate commerce.[1] Nor does it contain any reference to the language of 18 U.S.C.A. § 2(b), as amended,[2] which is the section upon which the Government must rely in order to prosecute him for the offense, inasmuch as it is not claimed that he did himself transport the cattle.

It is the indictment's failure to refer to willfully as set out in 18 U.S.C.A. § 2(b) or to allude in some other manner to this element that comprises its alleged defectiveness.

■■ Willfulness is an essential element of the offense with which defendant is charged. All the essential elements of a crime must be charged in the indictment. United States v. Root, 366 F.2d 377 (9th Cir. 1966), cert. denied 386 U.S. 912, 87 S.Ct. 861, 17 L.Ed. 2d 784 (1967); Gonzales v. United States, 286 F.2d 118 (10th Cir. 1960), cert. denied 365 U.S. 878, 81 S.Ct. 1028, 6 L.Ed.2d 190 (1961). The Government urges that the indictment, as set out above, sufficiently apprises the defendant of the offense with which he is charged to withstand an attack upon its validity. The Government's position is that the charge that the defendant knew the cattle were stolen is sufficient to constitute a charge of willfulness.

■ An indictment need not specifically refer to 18 U.S.C.A. § 2(b) nor set out the specific language of that section in order to be adequate. United States v. Salliey, 360 F.2d 699 (4th Cir. 1966); Londos v. United States, 240 F.2d 1 (5th Cir. 1957), cert. denied 353 U.S. 949, 77 S.Ct. 860, 1 L.Ed.2d 858 (1957). However, the indictment must refer to the element willfully, by use of the word itself or words of similar import. Londos v. United States, supra.

In the *Londos* case, the indictment charged that the defendants did with unlawful and fraudulent intent cause to be transported in foreign commerce a falsely made, forged, and counterfeited security, with knowledge of its spurious nature. The indictment referred neither to 18 U.S.C.A. § 2(b) nor to the word willfully.

The defendants attacked the indictment for its failure to allege willfulness, as required by 18 U.S.C.A. § 2(b). The Court found that the indictment sufficiently fulfilled the willfulness requirement by alleging that defendants had caused the transportation unlawfully and with fraudulent intent. Ibid. Accord, United States v. Salliey, supra.

■ In the present case, as distinguished from *Londos,* no words appear in the indictment to supply the element of willfulness required to charge this defendant with a crime. The allegation that the defendant knew the cattle to have been stolen does not supply the indictment with the necessary element of willfulness, for it cannot be said to have the same meaning. It is not comparable to the terms unlawfully, and fraudulently, as used in *Londos.*

The indictment against the defendant is fatally defective, and the motion to quash it will be granted.

1. 18 U.S.C.A. § 2316 provides: "Whoever transports in interstate or foreign commerce any cattle, knowing the same to have been stolen, shall be fined not more than $5,000 or imprisoned not more than five years, or both."

2. 18 U.S.C.A. § 2(b), as amended, provides that: "Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal."