UNITED STATES of America
v.
William Edward BEARD, Appellant.

UNITED STATES of America
v.
Harold GARRISON, Appellant.

Nos. 17471, 17472.

United States Court of Appeals
Third Circuit.

Argued June 5, 1969.

Decided Aug. 20, 1969.

Arthur A. Kusic, Harrisburg, Pa., for appellants.

Harry A. Nagle, Asst. U. S. Atty., Lewisburg, Pa., Bernard J. Brown, U. S. Atty., Scranton, Pa., for appellee.

Before KALODNER, VAN DUSEN and STAHL, Circuit Judges.

OPINION OF THE COURT

VAN DUSEN, Circuit Judge.

On February 13, 1967, defendants were separately indicted in two counts for violation of the following offense described in 18 U.S.C. § 2314:[1]

---

1. The indictment of defendant Beard (No. 14,335 in M.D.Pa.) charged:

"COUNT I

"That on or about October 18, 1966, WILLIAM EDWARD BEARD, did cause to be transported in interstate commerce a falsely made and forged security from the City of York, * * * in the Middle District of Pennsylvania and within the jurisdiction of this Court, to Baltimore, State of Maryland, to wit, a check, No. 13880, payable to Curtis Turner, in the amount of $1280.00 and signed A. K. Brady, knowing the same to be a falsely made and forged security.

"In violation of Title 18 United States Code, Section 2314.

*        *        *        *        *

"Whoever, with unlawful or fraudulent intent, transports in interstate * * * commerce any falsely made, forged, altered, or counterfeited securities * * *, knowing the same to have been falsely made, forged, altered, or counterfeited; * * *

"* * * * * *

"Shall be fined not more than $10,000 or imprisoned not more than ten years, or both."

Without objection by defendants, a joint trial of both defendants was held in November 1967 and a verdict of guilty as to each defendant on each count was returned. After denial of motions for new trial, judgments of conviction were entered on the verdicts on July 10, 1968. These appeals, filed later that month, challenge the judgments of conviction.

For the first time, defendants contended on appeal that the indictments were fatally defective for failure "to state one essential element" of the above-described crime, namely, "unlawful or fraudulent intent." [2]

Since the counts of these indictments do not allege the essential element of "unlawful or fraudulent intent," this case is governed by United States v. Manuszak, 234 F.2d 421, 423 (3rd Cir. 1956), where Judge Staley said:

"For this reason the count is a nullity as a charge of a federal crime and should be quashed. The defect is not one of form which will be overlooked after a verdict when no prejudice is shown. Although after a verdict every intendment should be indulged in support of the count, neither the verdict nor the evidence supporting the verdict can be used as a basis for dispensing with the rule that the indictment must state all the essential ingredients of the crime."

The Government's contention that the failure to allege in these indictments the statutorily prescribed intent is a "technical deficienc[y] which did not prejudice the accused" is not supported by the federal cases. See Smith v. United States, 360 U.S. 1, 9, 79 S.Ct. 991, 996, 3 L.Ed.2d 1041 (1959),[3] where the court said:

"But the substantial safeguards to those charged with serious crimes cannot be eradicated under the guise of technical departures from the rules. The use of indictments in all cases warranting serious punishment was

---

"COUNT II
"That on or about October 20, 1966, WILLIAM EDWARD BEARD, did cause to be transported in interstate commerce a falsely made and forged security from the City of York, * * * in the Middle District of Pennsylvania and within the jurisdiction of this Court, to Baltimore, State of Maryland, to wit, a check, No. 10796, payable to Herman Jordan, in the amount of $2800.00 and signed William A. Becker, knowing the same to be a falsely made and forged security.
"In violation of Title 18 United States Code, Section 2314."
The Indictment of defendant Garrison (No. 14,338 in M.D.Pa.) contained the same language as that used in the case against Beard except that it added a reference to 18 U.S.C. § 2, so that the last paragraph read:
"In violation of Title 18 United States Code, Sections 2314 and 2." However, "the indictment is adequate without reference to" 18 U.S.C. § 2. Londos v. United States, 240 F.2d 1, 7 (5th Cir.

1957) ; see, also, Hubsch v. United States, 256 F.2d 820, 822 (5th Cir. 1958).

2. Also, 18 U.S.C. § 2, cited in the Garrison indictment (see footnote 1 above), provides in subsection (b), inter alia, that "Whoever willfully causes an act to be done * * * is punishable as a principal." If this wording is to be relied upon by the Government (it was referred to in the charge), it would seem that any reindictment based on 18 U.S.C. § 2(b) should preferably contain an allegation of wilfulness. But see United States v. Salliey, 360 F.2d 699 (4th Cir. 1966).

3. The examples of "technical deficiencies" given in the Smith case are significantly different from the situation presented by this record. It is only where a "technical deficiency" in the indictment is involved that the defendants must show prejudice to challenge such indictment, under the language in Smith v. United States, supra, at p. 9, relied on by the Government.

the rule at common law. [Citing cases.] The Fifth Amendment made the rule mandatory in federal prosecutions in recognition of the fact that the intervention of a grand jury was a substantial safeguard against oppressive and arbitrary proceedings."

See, also, United States v. Britton, 107 U.S. 655, 2 S.Ct. 512, 27 L.Ed. 520 (1882); United States v. Tornabene, 3 Cir., 222 F.2d 875, 878 (1955); [4] cf. Rosen v. United States, 161 U.S. 29, 33, 16 S.Ct. 434, 40 L.Ed. 606 (1896).

In United States v. Blackshere, 282 F.Supp. 846 (D.N.M.1968), the court held that an allegation that the defendant knew the property to be stolen was insufficient to charge that an act was caused to be done "wilfully" under 18 U.S.C. § 2, using this language at 847:

> "The allegation that the defendant knew the cattle to have been stolen does not supply the indictment with the necessary element of willfulness, for it cannot be said to have the same meaning."

Although in the instant case the trial judge included in his charge a reading of the offense as described in 18 U.S.C. § 2314 and further instructed the jury that an essential element of the crime is action "with an unlawful or fraudulent intent," [5] the grand jury, by returning the indictment as worded, made no finding of probable cause to believe that an essential element of this federal crime, namely "unlawful or fraudulent intent," was present. In Russell v. United States, 369 U.S. 749, 770, 82 S.Ct. 1038, 1050, 8 L.Ed.2d 240 (1962), the court pointed out:

> "To allow the prosecutor, or the court, to make a subsequent guess as to what was in the minds of the grand jury at the time they returned the indictment would deprive the defendant of a basic protection which the guaranty of the intervention of a grand jury was designed to secure. For a defendant could then be convicted on the basis of facts not found by, and perhaps not even presented to, the grand jury which indicted him."

See, also, Van Liew v. United States, 321 F.2d 664, 669 (5th Cir. 1963). In Stirone v. United States, 361 U.S. 212, 215, 217–218, 80 S.Ct. 270, 272, 273, 4 L.Ed.2d 252 (1960), the court said:

> "The crime charged here is a felony and the Fifth Amendment requires that prosecution be begun by indictment.[6]
>
> \* \* \* \* \* \*
>
> " \* \* \* a court cannot permit a defendant to be tried on charges that are not made in the indictment against him. \* \* \*

---

4. In this case, this court said at page 878:
"We are aware that liberality is the guide today in testing the sufficiency of an indictment, but this applies to matters of form and not of substance. We cannot dispense with the requirement that the indictment charge all essential ingredients of a crime."

5. The charge contains these words at N.T. 136:
"To convict them of this offense the Government must prove beyond a reasonable doubt that such securities were forged and falsely made, and that the defendants, knowing this, caused them to be transported across state lines with an unlawful and fraudulent intent. \* \* \*

\* \* \* \* \*

"An essential element of the crime of transporting forged securities in interstate or foreign commerce, is that it must be done with an unlawful and fraudulent intent."
Subsequently, the trial judge sent the indictment out with the jury when they retired to deliberate, "to enable [the jury] \* \* \* to follow the various charges in the different counts", but failed to explain the absence of the essential element of "unlawful or fraudulent intent."

6. The offense described in 18 U.S.C. § 2314 is an "infamous crime," see Green v. United States, 356 U.S. 165, 183, 78 S.Ct. 632, 2 L.Ed.2d 672 (1958), and the Fifth Amendment requirement of "indictment of a Grand Jury" applies to it. See Russell v. United States, *supra*, 369 U.S. at 760–761, 82 S.Ct. 1038.

"The very purpose of the requirement that a man be indicted by grand jury is to limit his jeopardy to offenses charged by a group of his fellow citizens acting independently of either prosecuting attorney or judge."

■ This court has rejected the Government's contention that F.R.Crim.P. 34[7] precludes a challenge to the sufficiency of the indictment which is first made on appeal. See United States v. Manuszak, *supra*, 234 F.2d at 422.[8]

In view of the foregoing, it is not necessary to consider the remaining arguments urged by defendants as requiring reversal of their convictions, except to note that pre-trial examination of witnesses to a lineup is not contemplated by United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967), despite defendants' contention to the contrary. The recognized method for ascertaining impropriety in identification procedures is by cross-examination of the identifying witnesses at trial. See United States v. McKenzie, 414 F.2d 808 (3rd Cir., Opinion of 8/12/69). Cf. Simmons v. United States, 390 U.S. 377, 384, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968); Wade, *supra*, at 220, 87 S.Ct. 1926; Gilbert, *supra*, 388 at 271, 87 S.Ct. 1951.

■ The United States will be free to reindict and retry the defendants according to law. See United States v. Ball, 163 U.S. 662, 16 S.Ct. 1192, 41 L.Ed. 300 (1896);[9] United States v. Tateo, 377 U.S. 463, 465, 81 S.Ct. 1587, 12 L.Ed.2d 448 (1964); United States v. Ewell, 383 U.S. 116, 121, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966); United States v. Williams, 412 F.2d 625 (3rd Cir., Opinion of 6/18/69). We note that the statute of limitations has not run. 18 U.S.C. § 3282; cf. 18 U.S.C. § 3288.

■ The judgments of conviction and sentences will be reversed and the cases remanded with direction to dismiss the indictments.

7. F.R.Crim.P. 34 states:
   "The court on motion of a defendant shall arrest judgment if the indictment * * * does not charge an offense * * *. The motion in arrest of judgment shall be made within 7 days after verdict or finding of guilty, or after plea of guilty or *nolo contendere*, or within such further time as the court may fix during the 7-day period."
   F.R.Crim.P. 12(b) (2) provides, in part, "Defenses and objections based on defects * * * in the indictment * * * other than that it fails * * * to charge an offense may be raised only by motion before trial. * * * Lack of jurisdiction or the failure of the indictment or information to charge an offense shall be noticed by the court at any time during the pendency of the proceeding." Cf. F.R. Crim.P. 54(a) (1).

8. Other United States Courts of Appeals have reached the same result. See *e. g.*, Scarbeck v. United States, 115 U.S.App. D.C. 135, 317 F.2d 546, 550 (1962), cert. den. 374 U.S. 856, 83 S.Ct. 1897, 10 L.Ed. 2d 1077, rehearing den. 375 U.S. 874, 84 S.Ct. 35, 11 L.Ed.2d 105 (1963); Walker v. United States, 342 F.2d 22, 26 (5th Cir.), cert. den. 382 U.S. 859, 86 S.Ct. 117, 15 L.Ed.2d 97 (1965); United States v. Bailey, 277 F.2d 560, 562–563 (7th Cir. 1960); Carlson v. United States, 296 F.2d 909, 910 (9th Cir. 1961); Robinson v. United States, 263 F.2d 911 (10th Cir. 1959).

9. In the *Ball* case, *supra*, the court said at page 672, 16 S.Ct. at page 1195:

   " * * * it is quite clear that a defendant, who procures a judgment against him upon an indictment to be set aside, may be tried anew upon the same indictment, or upon another indictment, for the same offense of which he had been convicted."