**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Carey L. COLEMAN, Defendant-
Appellant.**

No. 71–1921
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 30, 1971.

Marvin L. Levin, Dallas, Tex. (Court Appointed), for defendant-appellant.

Eldon B. Mahon, U. S. Atty., Charles D. Cabiniss, Asst. U. S. Atty., John G. Truelson, Asst. U. S. Atty., for plaintiff-appellee.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

Carey L. Coleman appeals from a judgment of conviction for theft of mail by a postal employee in violation of 18 U.S.C. § 1709. Appellant was arrested by postal inspectors on November 10, 1970, for taking a small lady's watch from a parcel destined for a jewelry store while on the job at the Dallas, Texas Post Office. She was tried before a jury in the Northern District of Texas and sentenced to six months imprisonment.

Appellant's first contention on appeal is that the indictment was defective in that it omitted an allegation that the watch was taken with criminal intent. The indictment returned against the defendant contained the following language:

The Grand Jury charges:

On or about November 10, 1970, in the Northern District of Texas, Carey L. Coleman, defendant, being a Postal Service employee, did steal, abstract and remove one watch from a parcel post package addressed to Louis Wholesale Co. * * * which said parcel had theretofore been entrusted to her and which had come into her

---

* [1] Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5 Cir., 1970, 431 F.2d 409, Part I.

possession intended to be conveyed by mail * * *

The language of this indictment parallels the statutory definition of the crime. Appellant argues that the indictment is insufficient in that it "merely tracks the words of the statute", but omits an essential element of the crime —intent.

■ This argument is without merit. The purpose of the indictment in criminal proceedings is to apprise the defendant of the charges he must be prepared to meet. The test of its sufficiency is whether it contains all the elements of the offense charged. Hagner v. United States, 285 U.S. 427, 52 S.Ct. 417, 76 L. Ed. 861 (1932). The indictment in the case at bar meets this test. The indictment alleged that Coleman "did *steal* * * * one watch from a parcel post package." The use of the word "steal" plainly implies an allegation that the watch was removed with criminal intent rather than removed by mistake or for some other innocent reason.

A similar indictment was found to be sufficient in the case of Kelley v. United States, 9 Cir., 1948, 166 F.2d 343, which involved a violation of the same statute. The indictment in that case likewise was phrased in the statutory definition of the crime and did not specifically allege that the taking was with wrongful intent. However, the Court held that the fact that the indictment included the phrase "secrete and embezzle" was sufficient to imply an allegation that the taking was with wrongful intent. The word "steal" used in this case equally implies a taking with wrongful intent. Other cases involving different crimes make it clear that an allegation of wrongful intent may be implied from a reasonable reading of the language of the indictment. See United States v. DeLeo, 1 Cir., 1970, 422 F.2d 487; Walker v. United States, 6 Cir., 1971, 439 F.2d 1114.

■ Appellant's second contention on appeal is that the evidence was insufficient to support a finding that the watch was taken with wrongful intent. This argument is also without merit. Criminal intent, of course, may be inferred from all the evidence before the court. At trial, Postal Inspector Kenneth Bullard testified that he observed the defendant breaking open a mailed package and subsequently saw the defendant take a small, shiny gold object out of the sack which contained the rifled package. Postal Inspector Ralph Thomas testified that he found the watch in appellant's possession. Inspector Bullard testified, under trial court instructions limiting his testimony to showing intent and motive only, that the defendant had on another occasion broken into another parcel, examined its contents, and then placed it on a broken package gondola. All of this testimony provides ample basis for a finding by the jury that the defendant removed the watch from the parcel with criminal intent.

Appellant's final argument that the district judge failed to instruct the jury that the Government must prove that the defendant knowingly and intentionally took the watch in question is without basis in the record. A reading of the judge's instructions indicates that the jury was fully instructed that the Government must prove that the defendant acted with specific wrongful intent and did not act through mistake, accident or any other innocent reasons.

The judgment of the district court is in all respects affirmed.

Affirmed.