UNITED STATES of America

v.

Rutilio Lorenzo PETTI, a/k/a Thomas Grasso, Appellant.

No. 71–2043.

United States Court of Appeals, Third Circuit.

Submitted under Third Circuit Rule 12(6) March 21, 1972.

Decided April 24, 1972.

Anthony J. Iuliani, Newark, N. J., for appellant.

James D. Fornari, Asst. U. S. Atty., Newark, N. J., for appellee.

Before ADAMS, GIBBONS and HUNTER, Circuit Judges.

## OPINION OF THE COURT

JAMES HUNTER, III, Circuit Judge.

Appellant Rutilio Lorenzo Petti was convicted under an indictment charging that he "did knowingly, wilfully and unlawfully *embezzle*, with intent to convert to his own use," an interstate shipment of goods, "[i]n violation of Title 18 U.S.C. Section 659" (emphasis added). He contends on this appeal that there was a variance between the indictment and the proof, specifically arguing that the evidence produced at his trial showed that he had taken the goods through larceny rather than embezzlement.

It is not disputed that 18 U.S.C. § 659 forbids both larceny and embezzlement of goods that are in interstate commerce.[1] Appellant's only argument is that since the indictment charged only embezzlement, and since the evidence was insufficient to show embezzlement, the conviction must be reversed.

The evidence showed that on June 5, 1967, the Ward Trucking Corporation of North Bergen, New Jersey, needed a driver to deliver a load which had been assigned to one of its regular drivers who was absent that day. In accordance with regular practice the Union Shape Hall in Secaucus, New Jersey, was called, and a union representative promised to send a driver. In due course a driver appeared.

The driver, who was identified as the appellant, presented a union work slip and a driver's license, both showing his name as "Thomas Grasso." After necessary forms were completed and "Grasso" had been photographed, he was assigned a load of goods to deliver. It is not disputed that so far as the trucking company was concerned, "Grasso" was properly hired as an employee of the company in accordance with regular procedures for hiring one-day "casual" drivers.

The goods assigned to "Grasso" were never delivered, and the truck was found, empty and abandoned, in New York two days later. Evidence was admitted to show that the appellant had used a similar scheme on three other occasions with three other trucking companies, on one of these occasions using the same name "Thomas Grasso."

"Embezzlement" is generally defined as "the fraudulent appropriation of property by a person to whom such property has been entrusted, or into whose hands it has lawfully come." Moore v. United States, 160 U.S. 268,

---

1. The relevant words of 18 U.S.C. § 659 are:

"Whoever embezzles, steals, or unlawfully takes, carries away, or conceals, or by fraud or deception obtains . . . ."

269, 16 S.Ct. 294, 40 L.Ed. 422 (1895). *See* 29A C.J.S. Embezzlement § 1 (1965). That the goods in this case had been entrusted to the appellant would appear to be evident.

■ Appellant argues, however, that by adopting a false name in becoming an employee of the trucking company he took possession of the goods unlawfully, and that because of this fraudulent taking the ultimate crime could not have been an *embezzlement*, but was in fact a *larceny*. He relies on Loney v. United States, 151 F.2d 1 (10th Cir. 1945), and Stewart v. United States, 151 F.2d 386 (8th Cir. 1945), to support his position.[2] *See also* Clark & Marshall, Law of Crimes §§ 12.06, 12.18, 12.21, 12.29 (6th ed. M. Wingersky 1958). Our reading of the cited cases and other material indicates to us that some courts might hold, on these facts, that the crime committed was larceny and not embezzlement.[3]

■ We find it unnecessary to decide, however, whether the appellant's theft fell on the one side or on the other side of the fine line dividing embezzlement and larceny, because we are convinced that there was no fatal variance between the indictment and the proof. As we have noted, both larceny and embezzlement are forbidden by 18 U.S.C. §

659. Fine distinctions between common-law larceny and embezzlement are inapplicable to the consolidated statutory offense. *See* United States v. Page, 277 F.2d 3 (2d Cir.), cert. denied, 364 U.S. 843, 81 S.Ct. 83, 5 L.Ed.2d 67 (1960); United States v. O'Connell, 165 F.2d 697 (2d Cir.), cert. denied, 333 U.S. 864, 68 S.Ct. 744, 92 L.Ed. 1143 (1948); United States v. De Normand, 149 F.2d 622 (2d Cir.), cert. denied, 326 U.S. 756, 66 S.Ct. 89, 90 L.Ed. 454 (1945). The indictment in this case made clear that the appellant was charged with a violation of 18 U.S.C. § 659. Although a criminal defendant cannot be convicted for an act not charged in the indictment, Stirone v. United States, 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960); United States v. Beard, 414 F.2d 1014 (3d Cir. 1969), in this case where the indictment has identified the criminal act with certainty, and where the appellant has produced no evidence that he was misled by the indictment,[4] we will not reverse the conviction merely because a technical and over-refined analysis might lead us to believe that the act fell on the farther side of the fine line that divided embezzlement and larceny in days long past. Under the circumstances of this case, any variance between the indictment and the proof could only have been harmless. *See* United States v. Evans, 398 F.2d

2. Appellant quotes these words from the opinion in Loney v. United States to support his position that his taking was by larceny and not embezzlement:

"One of the essential elements of larceny is that the taking be by trespass, that is, without the consent of the owner.

"Where a person intending to steal another's personal property obtains possession of it, although by or with the consent of the owner, by means of fraud or through a fraudulent trick or device, and feloniously converts it pursuant to such intent, the owner will be regarded as having retained constructive possession. Hence, in such cases the conversion constitutes a trespass [footnotes omitted]." 151 F.2d at 4.

3. But other courts have held that embezzlement has been committed where an agent receives funds with the uncommunicated intent to convert the funds to his own use, and the agent subsequently does convert the funds. Lewis v. People, 109 Colo. 89, 123 P.2d 398 (1942); Rogers v. State, 37 Ala.App. 8, 65 So.2d 525 (1953), cert. denied, 259 Ala. 124, 65 So.2d 531 (1953); Esdale v. State, 260 Ala. 45, 68 So.2d 519 (1953); State v. Konviser, 57 N.M. 418, 259 P.2d 785 (1953). *See also* Annot., Distinction Between Larceny and Embezzlement, 146 A.L.R. 532, 557–560 (1943).

4. The transcript shows that even in his opening statement to the jury, counsel for the appellant emphasized that the indictment charged only embezzlement. At several other points in the trial appellant's counsel argued that the act being proven was larceny and not embezzlement.

159 (3d Cir. 1968); United States v. DeCavalcante, 440 F.2d 1264 (3d Cir. 1971); United States v. Dreer, 457 F.2d 31 (3d Cir. 1972); 2 C. Wright, Federal Practice and Procedure § 516 (1969).

Accordingly, the judgment of conviction will be affirmed.