**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Oscar TREVINO, Defendant-Appellant.**

**No. 73–2595.**

United States Court of Appeals,
Fifth Circuit.

March 14, 1974.

See, also, D.C., 349 F.Supp. 132.

Gerard P. Nugent, Austin, Tex., (court-appointed), for defendant-appellant.

Anthony J. P. Farris, U. S. Atty., Robert Darden, Mary L. Sinderson, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

Before BELL, THORNBERRY and DYER, Circuit Judges.

BELL, Circuit Judge:

Appellant, a Postal Service employee, was convicted of violating Title 18, U.S. C.A. § 1709. This statute delineates two offenses. The question presented is

whether appellant was charged with an offense under the statute. We reverse and remand, holding that the indictment failed to state an offense.

■ The indictment was challenged prior to trial as required by Rule 12(b)(2), F.R.Crim.P.[1] Moreover, under the terms of the rule, an indictment may be challenged at any time if no offense is charged in the indictment. Walker v. United States, 5 Cir., 1965, 342 F.2d 22, 26; United States v. Beard, 3 Cir., 1969, 414 F.2d 1014, 1017.

The statute charges two crimes as follows:

> Whoever, being a Postal Service officer or employee, embezzles any letter, postal card, package, bag, or mail, or any article or thing contained therein entrusted to him or which comes into his possession intended to be conveyed by mail, or carried or delivered by any carrier, messenger, agent, or other person employed in any department of the Postal Service, or forwarded through or delivered from any post office or station thereof established by authority of the Postmaster General or of the Postal Service; or steals, abstracts, or removes from any such letter, package, bag, or mail, any article or thing contained therein, shall be fined not more than $2,000 or imprisoned not more than five years, or both.

See Hall v. United States, 1898, 168 U.S. 632, 18 S.Ct. 237, 42 L.Ed. 607, for a statement of the two offenses. See United States v. Lucarz, 9 Cir., 1970, 430 F.2d 1051, 1053, Fn. 1., for the statutory history.

The indictment here charged:

"That on or about January 21, 1972, at Alice, Texas, in the Southern District of Texas, and within the jurisdiction of this Court, OSCAR TREVINO, being a Postal Service employee, did unlawfully steal, abstract and remove a first-class letter addressed to Miss Sandy Simms, c/o Americana Motel, Alice, Texas 78332, bearing the return address of 102 W. Rampart Street, Apt. Q–206, San Antonio, Texas 78216, postmarked San Antonio, Texas, A.M., January 11, 1972; which said letter had theretofore been intrusted to him and which had come into his possession intended to be conveyed by mail."

It is to be noted that the first offense under the statute is that of embezzlement and includes (1) letters or (2) articles contained therein. The second offense is that of stealing articles removed from any such letter as distinguished from the letter itself. The indictment here charged the stealing of a letter and not of an article contained in the letter.

■ The only possible means of validating the indictment would be to equate stealing with embezzlement. This is not possible for the reason that we would thereby coalesce the two separate offenses into one. Congress, by the statutory language, has provided that a letter or its contents may be embezzled but has included only the contents of the letter under the stealing provision.

■ There is a difference between the crimes of embezzlement and stealing. The crimes are inconsistent. Embezzlement presupposes lawful possession and theft does not. Bernhardt v. United States, 6 Cir., 1948, 169 F.2d 983, 985. See II Wharton's Criminal Law and Procedure (Anderson Ed.), § 523, p. 205. We cannot write off the portion of the statute having to do with stealing nor can we expand it to include letters.

1. Defenses and objections based on defects in the institution of the prosecution or in the indictment or information other than that it fails to show jurisdiction in the court or to charge an offense may be raised only by motion before trial. The motion shall include all such defenses and objections then available to the defendant. Failure to present any such defense or objection as herein provided constitutes a waiver thereof, but the court for cause shown may grant relief from the waiver. Lack of jurisdiction or the failure of the indictment or information to charge an offense shall be noticed by the court at any time during the pendency of the proceeding.

As the government points out, it is true that in a prior decision we permitted the importation of the entrustment element into the part of the statute having to do with stealing. United States v. Coleman, 5 Cir., 1971, 449 F.2d 772. The offense charged was stealing, abstracting, and removing one watch from a parcel post package entrusted to the defendant. While we concluded that the indictment was valid, we were not asked to decide, and did not decide, the effect of importing the unnecessary entrustment element. In any case, it is plain that the charge in that case was in the terms of the second offense under the statute, and that the indictment tracked the statute except for including, and thereby placing on the government the additional burden of proving the entrustment element.

■■■ Here the problem is not the entrustment element. Appellant was charged with stealing a letter and the statute does not embrace such a charge. The proof was clear that appellant removed a letter from the mail. There were eyewitnesses to his act and he was apprehended in possession of the letter. The district court charged the jury in terms of the indictment and his conviction followed. However, the indictment failed to state an offense and must be dismissed.[2]

In the interest of judicial economy, we have considered the assignments of error (1) that prejudicial testimony was admitted against appellant during the trial and (2) that he was denied a speedy trial. There is no merit whatever in these assignments of error.

Reversed and remanded with direction that the indictment be dismissed.

THORNBERRY, Circuit Judge (concurring in part and dissenting in part):

I concur fully in the opinion of the Court except insofar as it concludes that there is no merit to appellant's contention that testimony, inadmissible for any purpose, was admitted against him to his clear detriment.

Before the trial, appellant's trial counsel filed a motion in limine with the court requesting that the government not be permitted to introduce evidence or testimony indicating that mail had been reported missing from the post office on occasions prior to those charged in the indictment. The motion suggested that postal inspectors involved in this case had testified before a civil service board hearing to the effect that mail had been reported missing from the post office for more than a year. In response to the motion, the government stated that it had no objection to the request.

Nevertheless at the trial the government introduced precisely that evidence which the motion in limine sought to suppress.[1] Appellant's trial counsel

---

2. Whether appellant is now to be indicted and tried for the crime of embezzlement under the statute is a matter that addresses itself to the Department of Justice. *See* United States v. Beard, *supra*, 414 F.2d at 1017.

1. Q . . . What are your duties with the Postal Department?
A I am involved in the investigation of internal theft.
     *     *     *     *     *
Q Briefly, briefly describe how you conduct these investigations.
A Well, we have a, a form of complaints that patrons give us when they mail a letter that fails to reach its destination. They file a—

[defense counsel]:—May it please the Court, I believe there is a Motion in Limine which covers this testimony and I must object to its introduction.
[prosecutor]: We are not in the area of his motion in limine.
THE COURT: I dont believe he is.
[defense counsel]: Well, I believe he is about to—
[prosecutor]:—When we get into it, we will—
THE COURT:—He is not there and I am going to let him go ahead.
[By prosecutor]:
Q Excuse me, go ahead.
A A patron who mails letters which fail to reach their destination notifies the Post Office which makes a tracer form. From the

properly objected, but the objection was overruled. Appellant's counsel on appeal contended, as trial counsel did below, that this testimony indicated that Trevino might be guilty of similar offenses unrelated to the offense charged and thus that this testimony was both irrelevant and highly prejudicial. The government's response is that the testimony was not prejudicial and that it was relevant to "explain the reason for the investigation and the method used by the postal inspectors . . .," citing United States v. Rosse, 2nd Cir. 1969, 418 F.2d 38, 41, cert. denied, 1970, 397 U.S. 998, 90 S.Ct. 1143, 25 L.Ed.2d 408.

In my opinion, the government is reading *Rosse* through a mirror. For in my opinion, *Rosse* states that evidence relevant only to explain the reason for the investigation and the method used by the postal inspectors is precisely the kind of evidence which has no place before the jury. Rosse, a postman, was found guilty by a jury of stealing $8 from the mails in violation of 18 U.S.C. § 1709. During the trial, postal inspectors testified that nineteen previous thefts had occurred at Rosse's post office and that these thefts prompted the investigation which led to Rosse's arrest and prosecution. To Rosse's contention that the admission of this testimony constituted reversible error, the court responded:

> . . . We find this argument to have considerable merit, for it is dif-

ficult to imagine any theory of evidence under which this testimony would be admissible. The prior investigations and attendant thefts may have a place at a probable cause hearing, not at a trial for a completely distinct substantive offense. Evidence of such prior crimes is highly prejudicial as it created a suspicion about the defendant although there were many other employees in the . . . post office who may have been responsible for the prior thefts. In short such evidence is not sufficiently connected with the defendant to justify its admission on the question of guilt, although it is relevant to explain the reason for the investigation and the method used by the postal inspectors to find who was guilty. . .

418 F.2d at 41.

Thus *Rosse* stands for the proposition that while such testimony may be relevant at a preliminary or probable cause hearing, it is not relevant and is highly prejudicial at a trial on the merits. In spite of the fact that Rosse's counsel did not object to the introduction of the testimony at trial, the Second Circuit went so far as to suggest that it would have found plain error if Rosse had not taken the stand to testify that he was being "framed" by postal inspectors, thus making relevant the basis of the postal inspectors' actions in focussing attention on the defendant,[2] and rendering the ad-

---

tracer form we try to locate the letter, and a copy of the tracer form is sent to me after it has been determined that the letter can't be located. I analyze these forms, and on a continuing basis, and when it looks like there is a problem area, I go into the office to investigate it.

Q All right, by the office, you mean the Post Office?

A Well, a specific unit where there seems to, there appears to be a problem.

Q All right, now did you have the occasion to make such an investigation in Alice, Texas, at the Post Office, in January of 1972?

A Yes, I did.

Transcript of Trial Proceedings at 35–36.

2. "The introduction of this evidence, however, was so irregular and its potential effect so damaging to Rosse that we might be inclined to order a new trial if later events at trial had not largely nullified the prejudice . . ." U. S. v. Rosse, supra, 418 F.2d at 41.

Judge Lumbard, writing for the Court, further noted that in the normal case, "[t]he government cannot use the defendant's rebuttal testimony as grounds for claiming independent vitality for its inadmissible evidence." But the Chief Judge concluded that Rosse's was not the normal case:

"  . . . Rosse's claim of a frame-up in no way was a defensive parry, or an attempt to repair the damage done by the inspectors' testimony; if anything, it pro-

mission of the testimony proper. No such defense testimony is present here, and Trevino's counsel properly asserted his objection at the trial.

To contend, as the government does, that the objected-to testimony did not prejudice the defendant's case is, I think, to ignore reality. The postal inspector testified not that he was involved in the investigation of missing mail, but that he was involved in the investigation of *internal theft.* And the inspector went on to refer to "letters which fail to reach their destination" or " a problem area." I do not believe that the use of such euphemisms distinguishes away the thrust of *Rosse.* In my opinion, only the most naive juror could have failed to see their true and intended meaning.

In deciding the question of admissibility of evidence, the district judge's task is to strike a proper balance between relevancy and prejudice. The appropriate appellate test is one of abuse of discretion. United States v. Bell, 5th Cir. 1972, 457 F.2d 1231, 1237. Since this testimony was inadmissible at trial for any purpose, the district court abused its discretion in admitting it. With deference to the majority, I dissent from the suggestion in the majority opinion that this testimony may be admitted against Trevino at a new trial.

---

vided a favorable context for that evidence by rendering it directly relevant. Also, defendant was not "forced" to testify to repair his character here, since his counsel in opening statement referred to the prior investigation and announced that Rosse would take the stand."
418 F.2d at 42. Judge Waterman, concurring in the result, concluded that in view of the overwhelming evidence of Rosse's guilt and the failure of Rosse's attorney to object, the "highly improper admission" was harmless error. But he disapproved of the "bootstrap" procedure by which the government's introduction of the evidence was sanctioned:
"the Government ought not to be permitted to cure a wrongful admission of prejudicial

evidence placed before the jury as part of the Government's direct case by pointing to its accidental relevancy to some part of the defendant's direct case."
418 F.2d at 42. There is no question of "order of proof" or of any defense testimony making the postal inspector's testimony relevant in the present case. I have noted Judge Lumbard's and Judge Waterman's comments only to demonstrate that in only unusual circumstances can such testimony ever be admitted.

