**UNITED STATES of America, Appellee,**

v.

**Calvin A. SELWYN, Appellant.**

No. 92–2800.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 15, 1992.

Decided July 2, 1993.

Virginia G. Villa, Minneapolis, MN, argued (Scott F. Tilsen, on brief), for appellant.

Andrew M. Luger, Minneapolis, MN, argued (Thomas B. Heffelfinger, on brief), for appellee.

Before McMILLIAN, Circuit Judge, LAY, Senior Circuit Judge, and LOKEN, Circuit Judge.

LAY, Senior Circuit Judge.

Calvin A. Selwyn appeals from his conviction under 18 U.S.C. § 1709 for embezzling a package entrusted to the United States mail. He contends that the prosecution presented no evidence that he came into possession of the package lawfully, one of the elements of

embezzlement. We agree and reverse the judgment of conviction.

Selwyn worked at the downtown Minneapolis post office as a maintenance control clerk. He was responsible for handling paperwork for the maintenance department and had no authority or responsibility for handling mail. While working a night shift in January 1992, Selwyn apparently entered a loading dock area near his office and removed a package. The package contained a cocktail dress that a mail order customer was attempting to return to a store in downtown Minneapolis. A few days later, Selwyn brought the dress to the store and sought to return it for a cash refund. He explained that his wife had received the dress as a gift but did not like it. Because Selwyn did not have a receipt, the store could not give him an immediate refund. Store employees became suspicious and ultimately their inquiry led to Selwyn's arrest and conviction.

In this appeal, Selwyn does not challenge the government's proof that he removed the package from the mails without proper authority. Rather, Selwyn claims that the government failed to present any evidence on one of the elements of embezzlement—that he secured possession of the package lawfully. He argues that, therefore, his conviction cannot stand because it is at variance with the indictment. *See Stirone v. United States*, 361 U.S. 212, 215–17, 80 S.Ct. 270, 272–73, 4 L.Ed.2d 252 (1960).

■ Section 1709 creates two distinct offenses of postal theft. The first clause of the section makes it a crime for postal employees to embezzle mail; the second clause makes it illegal to steal the contents of mail.[1] *See United States v. Trevino*, 491 F.2d 74, 75 (5th Cir.1974). The indictment against Selwyn, however, accuses Selwyn only of embezzlement.[2] It is well settled that the crimes of embezzlement and stealing are inconsistent in that "[e]mbezzlment presupposes lawful possession and theft does not." *Id.; see also Moore v. United States*, 160 U.S. 268, 269–70, 16 S.Ct. 294, 295, 40 L.Ed. 422 (1895); 2 Wayne R. LaFave & Austin W. Scott, Jr., Substantive Criminal Law § 8.6 (1986).

In rejecting Selwyn's motion for judgment of acquittal, the district court determined that the government satisfied the lawful possession requirement by presenting evidence that Selwyn violated a position of trust as a postal employee. It observed that the statute is cast in the alternative, making it a crime for a postal worker to embezzle mail "entrusted to him *or* which comes into his possession intended to be conveyed by mail." (Emphasis added). The district court reasoned that although this package was not entrusted to Selwyn, it did come into his possession intended to be conveyed by mail.

■ We believe this interpretation ignores section 1709's threshold requirement that the conduct be embezzlement and thus the initial possession be lawful. Lawful possession is not created by "mere access" to an item to be taken. *Government of Virgin Islands v. Leonard*, 548 F.2d 478, 480 (3d Cir.1977); *United States v. Sayklay*, 542 F.2d 942, 944 (5th Cir.1976). The government failed to produce evidence at trial that

---

1. The statute states:

   Whoever, being a Postal Service officer or employee, embezzles any letter, postal card, package, bag, or mail, or any article or thing contained therein entrusted to him or which comes into his possession intended to be conveyed by mail, or carried or delivered by any carrier, messenger, agent, or other person employed in any department of the Postal Service, or forwarded through or delivered from any post office or station thereof established by authority of the Postmaster General or of the Postal Service; or steals, abstracts, or removes from any such letter, package, bag, or mail, or article or thing contained therein, shall be fined not more than $2,000 or imprisoned not more than five years, or both.

2. The indictment states:

   On or about the 25th day of January, 1992, in the State and District of Minnesota, the defendant,

   CALVIN A. SELWYN,

   a Postal Service employee, did knowingly and willfully embezzle a package, or anything contained therein, which was entrusted to him or which came into his possession, and which was intended to be conveyed by mail, or forwarded through a post office or station thereof established by the authority of the Postal Service; all in violation of 18 United States Code Section 1709.

Selwyn had any authority over the mail; all it showed was that he had access to the mail. For this reason, Selwyn's conviction must be reversed.

Congress has enacted consolidated statutes that treat the separate, non-overlapping crimes of embezzlement, false pretenses, and larceny as a single crime.[3] *See, e.g.,* 18 U.S.C. § 659 (whoever "embezzles, steals, or unlawfully takes, carries away, or conceals, or by fraud or deception" removes goods from interstate or foreign freight); *see also United States v. Petti,* 459 F.2d 294, 296 (3d Cir.1972) (holding that "[f]ine distinctions between common-law larceny and embezzlement are inapplicable to the consolidated statutory offense"). However, Congress has not consolidated the theft offenses under section 1709.[4] Unlike the consolidated statutes cited above, section 1709 creates different requirements for embezzlement and stealing of mail by post office workers. "It is to be noted that the first offense under the statute is that of embezzlement and includes (1) letters or (2) articles contained therein. The second offense is that of stealing articles removed from any such letter as distinguished from the letter itself." *Trevino,* 491 F.2d at 75. Because the government did not indict Selwyn for stealing from the mail, proof that Selwyn did so is at variance with the indictment and cannot support his conviction.[5]

There appears to be no doubt that Selwyn is guilty of wrongfully converting property entrusted to the United States mail. However, as the Fifth Circuit said in another embezzlement case:

> "Embezzlement" is a technical term imbued with a specific meaning. To uphold a conviction for embezzlement under these facts would confuse the distinction that Congress clearly drew between embezzlement and other forms of conversion.... More is at stake here than convicting a wrongdoer of *something:* fidelity to Congress' clear purpose and refusal to convict anyone of a crime of which he has not been—and cannot be, on the facts—proved guilty.... This is a hard case, but the bad law (if such it be) was made when Congress chose to carry forward the technical and antediluvian elements by which the Supreme Court long ago distinguished embezzlement from similar crimes.

*Sayklay,* 542 F.2d at 944 (citations omitted). In this case, the problem, however, lies not only with Congress, but also with the government's indictment. The Eighth Circuit's Manual of Model Criminal Jury Instructions reminds prosecutors that a "postal employee, who does not, by nature of his duties, originally have lawful possession of certain mail matter, can be charged and convicted under the stealing provisions in the second clause of Section 1709." Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit § 6.18.1709 (committee comments). Such was not done here.

---

3. Many states have similarly enacted consolidated statutes. *See, e.g.,* Ark.Code Ann. § 5–36–102 (Michie 1987) ("Conduct denominated theft in this chapter constitutes a single offense embracing the separate offenses heretofore known as larceny, embezzlement, false pretense, extortion, blackmail, fraudulent conversion, receiving stolen property, and other similar offenses."); Minn.Stat. § 609.52 (1992); *see also* 2 Wayne R. LaFave & Austin W. Scott, Jr., Substantive Criminal Law § 8.8 (1986) (discussing the trend toward consolidation).

4. The Supreme Court first recognized more than 100 years ago that the predecessor of the current statute created "two classes of offences ... one relating to the embezzlement of letters, etc., and the other to stealing the contents." *United States v. Lacher,* 134 U.S. 624, 629–30, 10 S.Ct. 625, 627, 33 L.Ed. 1080 (1890); *see also Hall v. United States,* 168 U.S. 632, 637, 18 S.Ct. 237,

239, 42 L.Ed. 607 (1898) (stating the statute "itself clearly describes two different classes of offences"). This distinction continues today. *United States v. Trevino,* 491 F.2d 74, 74–75 (5th Cir.1974) ("This statute delineates two offenses."); *see also United States v. Lucarz,* 430 F.2d 1051, 1053 n. 1 (9th Cir.1970) (discussing legislative history of the statute).

5. In *United States v. Dollard,* 780 F.2d 1118 (4th Cir.1985), the Fourth Circuit disagreed with a defendant's argument that he could not be lawfully convicted under 18 U.S.C. § 1709 because he had not embezzled mail. However, the opinion does clearly state that the indictment charged Dollard only under the embezzlement clause of § 1709. Furthermore, the court ignored the different requirements of the embezzlement and stealing clauses of the statute. For those reasons, *Dollard* is inapplicable to this case.

For the foregoing reasons, the judgment of conviction will be vacated and the case remanded with instruction to enter a judgment of acquittal.

LOKEN, Circuit Judge, dissenting.

I respectfully dissent. In denying Selwyn's post-verdict motion for judgment of acquittal, the district court explained:

> The court instructed the jury, as requested by defendant, according to the Eighth Circuit *Manual of Pattern Instructions* § 6.18.1709:
>
>> The crime of embezzling mail as charged in the indictment has three essential elements which are:
>>
>> *One:* the defendant was a United States Postal Service employee at the time stated in the indictment;
>>
>> *Two:* in his position with the Postal Service, the defendant had possession of a package which was intended to be conveyed by mail; and
>>
>> *Three:* the defendant took from that package a dress with the intent to convert it to his own use.
>
> The court instructed the jury that to *embezzle* means "willfully to take, or convert to one's own use, another's money or property, of which the wrongdoer acquired possession lawfully, by reason of some office or employment or position of trust." The court also gave the standard *possession* instruction, Devitt & Blackmar § 16.07, which defines actual and constructive, and joint and sole, possession.
>
> .... The statute is specifically cast in the alternative: that defendant embezzled an article in a package "entrusted to him *or* which comes into his possession intended to be conveyed by mail" (emphasis added). Although the package with the dress may not have been intended to pass through defendant's hands in the course of its conveyance by mail, the evidence showed that it did come into his actual or constructive possession in his position as a postal employee. He violated his position of trust as a postal employee with regard to the package. This is sufficient to support his conviction under § 1709.

In my view, this is a correct construction of the statute that is factually supported by the trial record. I would affirm.