Marion SMITH, Appellant/cross-appellee,

Laurette Roach, as parent and guardian
of Keith Morgan, Appellee,

v.

Glenwood and Evelyn WILLIAMS,
Appellees/cross-appellants.

Appeal of GOVERNMENT OF the
VIRGIN ISLANDS.

Nos. 82–3261 to 82–3263 and 82–3293.

United States Court of Appeals,
Third Circuit.

Argued Dec. 7, 1982.

Decided Jan. 19, 1983.

Allan A. Christian, Frederiksted, St. Croix, U.S.V.I., for Marion Smith.

George S. Eltman, Bryant, Lenahan & Eltman, Christiansted, St. Croix, U.S.V.I., for Laurette Roach.

Alexander A. Farrelly, Birch, de Jongh & Farrelly, Charlotte Amalie, St. Thomas, U.S.V.I., for Evelyn & Glenwood Williams.

J'ada M. Finch Sheen, Atty. Gen., Joann Webb-Anderson, Asst. Atty. Gen., Dept. of Law, Christiansted, St. Croix, U.S.V.I., for Government of Virgin Islands.

Before SEITZ, Chief Judge, and ADAMS and WEIS, Circuit Judges.

## OPINION OF THE COURT

SEITZ, Chief Judge:

### I.

This controversy arises out of an illegal raffle conducted by Marion Smith and Evelyn Williams [Evelyn]. As winner of that raffle, Keith Morgan received four sheets of official Virgin Islands lottery tickets. The dispute centers on title to ticket 13540, which won the grand prize of $100,000 in the official Virgin Islands lottery. Smith, Evelyn, Glenwood Williams [Glenwood], and the Government of the Virgin Islands appeal from the district court's summary judgment in favor of Laurette Roach on behalf of her minor son Keith Morgan. This court has jurisdiction under 28 U.S.C. § 1291 (1964).

### II.

The following facts are undisputed. Smith and Evelyn agreed to conduct a raffle to raise money for a personal trip. Virgin Islands law prohibits the operation of a raffle other than the official lottery of the Virgin Islands or one operated by permit. *V.I.Code Ann.* tit. 14 § 1222 (1964). Smith and Evelyn conducted their raffle without a permit and in violation of § 1222.

The price of a ticket in the Smith/Williams raffle was $1. The prize was four sheets of tickets in the official Virgin Islands lottery. Each sheet contained twenty identically numbered official lottery tickets, and each ticket could be sold separately for $1, providing the holder with a chance to win one twentieth of the grand prize. The tickets could also be sold in sheets of 20, and each sheet had a retail value of $20. Smith and Evelyn each agreed to contribute two sheets to the prize pool.

Around 5:00 pm on April 7, 1981, Evelyn went to Smith's house to collect the two sheets of tickets that Smith had agreed to contribute. Before Smith gave her two sheets to Evelyn, she insisted that they compare the ending numbers of the tickets on the four sheets. The tickets on Evelyn's sheets ended in 8 and 4. The tickets on Smith's sheets ended in 5 and 0. Only after Smith determined that there was no duplication in the ending numbers did she give Evelyn her two sheets. Both Smith and Evelyn wrote down the numbers of the tickets on the four sheets. It is undisputed that Smith contributed ticket 13540.

Evelyn took Smith's two sheets home and put them on top of her dresser with the two sheets that she had contributed. Evelyn's husband, Glenwood was in the same room sorting his official lottery tickets. When he saw the sheet containing ticket 13540, he took it and substituted another sheet in its place.

Shortly after 6:00 pm that same evening, Evelyn took four sheets of tickets from the dresser, put them in an envelope, and sealed it. She then left the envelope at home and went to the bakery where she conducted the raffle around 6:30 pm. Keith Morgan's name was drawn as winner, and that night Evelyn notified Laurette Roach that her son had won. Evelyn instructed Roach to pick up the tickets at the bakery the next day. This Roach did. Ticket 13540, of course, was not among the tickets in the envelope.

The results of the official Virgin Islands lottery were announced on April 9, 1981. Ticket 13540 won the grand prize of $100,000. As soon as the results of the official lottery were announced, Smith called Evelyn to tell her that one of the tickets that she, Smith, had contributed to the prize pool had won the official grand prize.

Smith soon learned from the Williams that Glenwood, and not Morgan, held the winning ticket. Soon after Smith learned

this, she brought this action against Evelyn and Glenwood, joining Morgan as co-plaintiff and the Government of the Virgin Islands, as holder of part of the winnings, as co-defendant.

On summary judgment motions, the district court held that the prize agreement of the illegal raffle was enforceable, and that Morgan was the beneficiary of a valid express trust and thus had specifically enforceable rights in ticket 13540. Smith, the Williams, and the Government appeal this decision.

### III.

#### A. *Enforcement of the Prize Agreement*

Smith, the Williams, and the Government argue that the prize agreement of the illegal raffle is unenforceable under the territory's gambling laws. The district court held that although the legislature has prohibited the running of unlicensed private raffles, *V.I.Code Ann.* tit. 14 § 1222 (1964), and the selling of chances in such raffles, § 1223, it has not specifically prohibited the purchase of a ticket in an illegal raffle. Thus, the district court concluded that although a promise to conduct an unlicensed private raffle is always unenforceable, the promise to provide a prize to the raffle winner is not unenforceable unless against public policy. The district court held that in this case, enforcement of the prize agreement was not against public policy.

Smith, the Williams, and the Government argue that the district court erred when it held that Virgin Islands law does not prohibit the purchase of an illegal raffle ticket.

They rely on *V.I.Code Ann.* tit. 14 § 1224 as well as sections 1221 through 1223. Section 1221 defines a lottery or raffle as a particular kind of game of chance, and sections 1222 and 1223 prescribe criminal penalties for conducting and selling tickets in raffles other than the official Virgin Islands lottery or those operated by permit.[1] Section 1224 prohibits gambling in general and prescribes criminal penalties for conducting or playing any game of chance.[2]

Although it is clear that sections 1222 and 1223 do not prohibit the purchase of an illegal raffle ticket, Smith, the Williams, and the Government argue that such conduct is subject to the criminal penalties of the general gambling provisions of section 1224. We disagree.

Section 1224 is a penal statute that authorizes up to 180 days of imprisonment. Ambiguity concerning the applicability of a criminal statute is resolved in favor of lenity. *United States v. Bass,* 404 U.S. 336, 347–48, 92 S.Ct. 515, 522, 30 L.Ed.2d 488 (1972). We think that such an ambiguity exists where legislation dealing specifically with raffles at least suggests that raffles are not subject to the general gambling laws. Furthermore, the legislature of the Virgin Islands has chosen to allow private raffles operated by permit. Applying section 1224 to purchasers of illegal raffle tickets would thus subject to potential imprisonment those unlucky enough to purchase tickets from one who has failed to obtain a permit. We think that if the legislature intends such a result, it must manifest a clearer intent than this.

---

1. Section 1222 provides

    (a) Whoever contrives, prepares, sets up, proposes or draws any lottery, other than an official lottery of the Virgin Islands of the United States, shall be fined not more than $500 or imprisoned not more than 2 years, or both.

    Section 1223 provides

    Whoever sells, gives or in any manner whatsoever furnishes or transfers to or for any other person—

    (1) any ticket, chance, share or interest . . .—in or depending upon the event of any lottery, other than an official lottery of the Virgin Islands of the United States, shall be

fined not more than $200 or imprisoned not more than 1 year, or both.

2. Section 1224 provides

    Whoever—

    (1) deals, plays, carries on, opens or conducts, either as owner or employee, either for hire or not, any game of chance played with dice, cards, slot machines or any other device, for money, checks, credit or other representative of value or

    (2) plays or bets at or against any [game of chance]—. . . shall be fined not more than $200 or imprisoned not more than 180 days, or both.

Because Virgin Islands law does not specifically prohibit the purchase of an illegal raffle ticket or the purchaser from entering into a prize agreement with the seller, we must determine whether enforcement of that prize agreement would be contrary to public policy.

We agree with the district court that on balance public policy does not counsel against enforcing this prize agreement in favor of a raffle winner who participated in no illegal conduct. *Restatement (Second) of Contracts* § 178. Under Virgin Islands law, Smith and Evelyn are the only culpable parties. Their raffle was illegal only because they failed to obtain a permit. There is no indication that Roach or Morgan knew or should have known that the Smith/Williams raffle was illegal.

### B. *Title to Ticket 13540*

Having determined that the prize agreement is enforceable, we must determine whether Morgan has rights in ticket 13540. Smith and Evelyn provided Morgan with a prize of four sheets of official tickets as promised. If Morgan has no rights to ticket 13540, he has no further claim against Smith or the Williams.

The district court held that Smith created an express trust in favor of the future raffle winner when she transferred her two sheets to Evelyn. Thus, the district court held that Morgan had specifically enforceable rights in the ticket 13540 as the beneficiary of a valid express trust. Smith and the Williams argue that it was error for the district court to find an express trust because there was no named beneficiary, the trust purpose was illegal, and the parties had not manifested a clear trust intent.

■ The Restatement of Trusts provides the applicable common-law rules absent contrary local laws. *V.I.Code Ann.* tit. 1 § 4 (1964). The district court properly held that the trust did not fail for lack of a named beneficiary. *Restatement (Second) of Trusts* § 112 provides that a trust can be created in favor of an unnamed beneficiary as long as a definite beneficiary can be ascertained at some future time within the period of the rule against perpetuities.

■ The district court also properly held that the trust did not fail for illegality. *Restatement (Second) of Trusts* § 65 provides that a trust executed by illegal means need not fail if the trust could have been executed by legal means without defeating the settlor's purpose. *See id.* comment a. Smith's sole purpose in creating the trust was to conduct a raffle with four sheets of tickets as the prize. Although she directed that the trust be executed by conducting a raffle without a permit, the illegal "without permit" provision was not necessary to her trust purpose. Because the trust could have been executed by legal means without defeating the purposes of its settlor, it does not fail for illegality.

■ Finally, the district court held that the parties had manifested the necessary trust intent. In so holding, the district court applied the correct legal standard. It held that no express trust may be created without evidence of a certain and unequivocal intent on the part of the settlor to create such a trust. *Restatement (Second) of Trusts* § 23. The district court then examined the undisputed evidence to determine whether there was a triable issue of fact as to such an intent.

■ The district court held that the parties had offered no "specific facts showing that there is a genuine issue" as to Smith's intent to create an express trust. From the undisputed evidence, the district court held that when Smith delivered two tickets to Evelyn she "clearly manifested her intent that specifically set aside tickets ... were to be held 'in trust' for the benefit of an unnamed beneficiary whose identity would be established at the time of the raffle drawing." We do not think that this was error.

First, it is clear that the parties attached some importance to the terminal numbers of the tickets on the four sheets and did not regard the sheets as fungible. Terminal numbers are important in the Virgin Islands lottery. Anyone who holds a ticket that has the same terminal number as the

winning ticket is entitled to a refund of the ticket's purchase price.

Evelyn testified at her deposition that when she went to Smith's house to pick up the lottery tickets, Smith wanted to know the terminal numbers of the tickets that Evelyn was donating. When Evelyn did not know those numbers, Smith insisted that Evelyn call her husband to find out. Only after Smith learned that Evelyn's tickets ended in 8 and 4 did she give Evelyn her two sheets of tickets, which ended in 5 and 0.

Second, it is clear that Smith transferred her two sheets to Evelyn with the understanding that Evelyn would convey the four sheets specifically set aside to the raffle winner. Evelyn testified that after the results of the official lottery were announced. Smith called her to tell her that the winner of their raffle had won ticket 13540 and thus the official grand prize. Thus, it is clear that Smith assumed that Evelyn had conveyed ticket 13540 to the winner of the Smith/Williams raffle as instructed. On these undisputed facts, we cannot say that the district court erred in holding that Smith's transfer to Evelyn manifested an intent to create an express trust.

■ We also agree with the district court's holding that Evelyn breached her fiduciary duty to Morgan as beneficiary when she allowed her husband to exchange one of his tickets for ticket 13540. Virgin Islands law prohibits a trustee from directly or indirectly selling any property of the trust to a relative. *V.I.Code Ann.* tit. 15 § 1095 (1964).

■ If a trustee engages in such self-dealing without the consent of the beneficiary, the transaction is voidable even though the transaction was in all other respects fair and reasonable. *Restatement (Second) of Trusts* § 170: *Scott on Trusts* § 170 at 1298 (3rd ed. 1967).

### III.

The order of the district court granting summary judgment in favor of Laurette Roach on behalf of Keith Morgan will be affirmed.