## GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff

v.

## WALTER ELLIS, Defendant

Criminal No. 22/1984

## GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff

v.

## ROOSEVELT FRAZER, Defendant

Criminal No. 31/1984

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

May 21, 1985

MALCOLM CALLENDER, ESQ., Assistant Attorney General (Department of Law), St. Thomas, V.I., *for plaintiff*

LEONARD B. FRANCIS, ESQ., St. Thomas, V.I., *for defendants*

MEYERS, *Judge*

## MEMORANDUM OPINION

Defendants Ellis and Frazer were convicted on two counts and one count, respectively, of embezzlement (less than $100) in violation of 14 V.I.C. § 1093(a)(1). Both defendants have filed motions for arrest of judgment pursuant to F.R.Crim.P., Rule 34. Specifically, both defendants alleged, inter alia, that the embezzlement counts in the complaints were barred by the statute of limitations.[1] The court agrees. Since the charges and the major issue raised are basically the same, the two cases are consolidated for the purpose of this opinion.

---

[1] Defendants raise additional contentions. (1) Both defendants claim that they were denied Jencks materials; (2) defendant Frazer claims that the court erred in permitting the Government to call defendant Ellis as its witness, even though defendant Ellis was already convicted at a separate trial; and (3) defendant Ellis contends that he was placed in jeopardy when he appeared previously for trial before another judge who recused himself.

The first two issues raised will not be addressed because they are without merit. As to defendant Ellis' contention that jeopardy attached at a previous hearing, the court is of the opinion that the issue need not be addressed in view of its holding.

## INTRODUCTION

The defendants are two of thirteen persons who were similarly charged in separate complaints by the Government with violations of 14 V.I.C. § 834(1).[2] The complaints were timely filed with the court on January 18, 1984. Because the complaints failed to inform the defendants of the manner in which they defrauded Frenchman's Reef, they were amended on February 28, 1984, to correct that defect. Those amended complaints were filed with the court on March 1, 1984.

The violations committed by defendant Ellis allegedly occurred on March 7 and April 7, 1983; the one committed by defendant Frazer allegedly occurred on April 4, 1983.

On May 25, 1984, the first two of the thirteen defendants were tried. Their cases were consolidated for trial at the request of their attorney. Those two defendants were acquitted because the court concluded that there was a fatal variance between the complaint and the proof; that is, the evidence adduced at their trial supported a charge of embezzlement and not of obtaining money by defrauding Frenchman's Reef.

On June 13, 1984, the Government moved to amend the remaining complaints by adding counts of embezzlement in violation of 14 V.I.C. § 1093,[3] while retaining the original counts of obtaining money under false pretenses.[4] The motion was opposed by the defendants. The court denied the Government's motion to amend, but granted the Government leave to file superseding complaints, which were filed on July 31, 1984. Again, the defendants objected. The defendants nevertheless were tried by the court on December 12, 1984. They were acquitted on the charges of obtaining money under false pretenses, but they were found guilty of the embezzlement counts as charged. These motions followed.

---

[2] 14 V.I.C. § 834(1):
> Whoever knowingly and designedly, by false or fraudulent representation or pretenses, defrauds any other person of money or property, shall—
> (1) if such property or money was less than $100 in value, be fined not more than $200 or imprisoned not more than 1 year, or both. . . .

[3] 14 V.I.C. § 1093:
> Whoever, being a clerk, agent, or servant of any person, fraudulently appropriates to his own use, or secretes with a fraudulent intent to appropriate to his own use, any property of another which has come into his control or care by virtue of his employment as such clerk, agent or servant, is guilty of embezzlement.

[4] These new counts of embezzlement arose out of the same transactions as the counts of obtaining money under false pretenses.

## DISCUSSION

In each of the relevant counts the money defrauded or embezzled was less than One Hundred Dollars ($100); therefore, each count is a misdemeanor. 5 V.I.C. § 3541 states:

> (a) A criminal action shall be commenced within the following periods:
>
> . . .
>
> (3) For any misdemeanor, action shall be commenced within one year after its commission.

■ "Statutes of limitations are intended to insure, inter alia, that a defendant receives notice, within a prescribed time, of the acts with which he is charged, so that he and his lawyers can assemble the relevant evidence before documents are lost, memory fades, etc." United States v. O'Neill, 463 F.Supp. 1205, 1208 (E.D. Pa. 1979).

■ ■ There is no doubt that the first set of complaints were timely filed on January 18, 1984. Once a complaint is filed, the statute of limitations is tolled as to the charges contained in that complaint. Since the statute stops running once the first complaint is filed, a superseding complaint brought at any time while the first complaint is validly pending cannot be barred by the statute of limitations. United States v. Cerilli, 428 F.Supp. 801 (W.D. Pa. 1977). This is so if, and only if, the superseding complaint does not broaden or substantially alter the charges made in the first complaint. United States v. Friedman, 649 F.2d 199 (3rd Cir. 1981). As the court stated in O'Neill, supra, p. 1207,

> When [an indictment] issued beyond the limitations period for a crime supersedes [an indictment] concerning the same transaction which was issued within the limitation period, *the court must scrutinize the new indictment to insure that the 'second [indictment] did not broaden or substantially amend the charges made in the first.'* United States v. Grady, 544 F.2d 598, 602 (2d Cir. 1976). (Emphasis supplied.)

Since none of the defendants has pointed to any facts in the new complaints that were not in the old, it now becomes the court's duty to scrutinize both complaints. The original complaints charged obtaining money under false pretenses while the superseding ones added counts of embezzlement. The crime of embezzlement added new elements which were not included in the crime of obtaining money under false pretenses, i.e., (1) that defendants were agents of

Frenchman's Reef, and (2) that the funds came into their control by virtue of their employment. Moreover, there is a distinct difference between the crimes of embezzlement and obtaining property under false pretenses.

> Where one honestly receives the possession of goods under circumstances of trust and confidence, and after receiving them fraudulently converts them to his own use, it is, as has been noted, a case of embezzlement. If, however, the possession is obtained by fraud, trick, or device, and the owner of the property intends to part with his title when he gives up possession, the offense, if any, is obtaining property by false pretenses.

26 AmJur 2d, Embezzlement, § 6. Stated somewhat differently:

> The crime of obtaining money by false pretenses, although akin to embezzlement, differs from embezzlement in that in embezzlement the property is fraudulently appropriated by a person having rightful possession, whereas in obtaining money by false pretenses the property is acquired in the first instance by the false pretense.

32 AmJur 2d, False Pretenses, § 5.

The court finds support for its position in United States v. O'Neill, supra, and People v. Chapman, 47 Cal. App. 3d 597, 121 Cal. Rptr. 315 (1975). In O'Neill, the defendant was originally charged by indictment for a violation of 18 U.S.C. § 1014. Said indictment was filed on September 26, 1978, and the violation allegedly occurred on October 26, 1973. On October 29, 1978, a superseding indictment was filed against O'Neill, specifically modifying count four, which involved the same transaction as count five of the original indictment and which alleged a violation of the same title and section of the United States Code. The first indictment charged O'Neill with falsely representing that certain insurance policies were currently in full force and effect with a portion of the premium paid, while the superseding indictment charged O'Neill with representing that the same insurance policies would have a future cash surrender value and that they had been assigned to him. In dismissing count four because it was time-barred by the five-year limitations period of 18 U.S.C. § 3282, the court stated:

> There is no question that the original indictment does not charge either the making or the falsity of the representation that the policies had been assigned to O'Neill. Thus, the superseding indictment "substantially amend[s]" the original indict-

ment. Moreover, the charge that O'Neill represented that these policies would have a future cash surrender value "broaden[s], *ibid.*," the charge that they were in full force and effect with a portion of the premium paid, because a policy on which the premium will be paid (for example, out of the proceeds of a loan) will have a future cash surrender value even if not currently in full force and effect.

O'Neill, supra, at p. 1207.

In People v. Chapman, supra, cited with approval in O'Neill, supra, defendant was timely charged by information with rape. After the limitations period had expired defendant was charged by a superseding information with sexual relations with a minor arising out of the same criminal transaction as alleged in the original information. Because the original information failed to allege what was a key element of the superseding information—that the victim was a minor—the court dismissed the superseding information.

■ Similarly, since the superseding complaints in the case sub judice added new counts of embezzlement, the defendants were not put on notice, within the one-year limitation period, of the allegations against which they must defend. For the above stated reasons, the embezzlement counts in the superseding complaints were time-barred; therefore, the defendants must be acquitted and the complaint against them dismissed.

■ It may appear unfortunate that the result reached in these cases serves to free defendants who may well be guilty of embezzlement. Cf. Government v. Leonard, 548 F.2d 478 (3rd Cir. 1977), 13 V.I. 619. This result, however, could have been avoided (1) if the Government had filed that charge earlier, or (2) if the offenses of larceny, embezzlement, and fraudulent appropriations had been consolidated, as suggested in Leonard, supra, p. 481, where the court stated that

[m]ore and more jurisdictions are consolidating larceny and embezzlement under a single statute forbidding theft, see, e.g., 18 U.S.C. § 659 (punishing anyone who "embezzles, steals, or unlawfully takes, carries away, or conceals, or by fraud or deception" goods moving in interstate commerce), . . . But the fact is that the Virgin Islands have not consolidated thier statutes governing larceny and embezzlement, and we are constrained to observe the traditional procedural strictures with respect to conviction of one crime when the proof shows another.

See also, United States v. Petti, 459 F.2d 294 (3rd Cir. 1972) (holding that one charged with embezzlement under 18 U.S.C. § 659 could properly be convicted where facts established larceny, since § 659 covers both). The court is not impressed with the Government's argument that fraud is fraud and embezzlement is a form of fraud; therefore, it need not draw fine line distinctions. This simply is not so. As long as the crimes of larceny, embezzlement, and obtaining money or property by false pretenses remain in the Virgin Islands Code as separate crimes—not consolidated—this court, too, is constrained to observe the fine lines dividing these crimes. It still remains true that penal statutes must be strictly construed, and any ambiguity must be resolved in favor of lenity. United States v. Enmons, 410 U.S. 411, 93 S.Ct. 1007 (1973); Smith v. Williams, 698 F.2d 611 (3rd Cir. 1983).

## CONCLUSION

Having found that the crime of embezzlement adds new elements which were not included in the original charge of obtaining money under false pretenses, this court concludes that the superseding complaints substantially broaden the original complaints. The acts in the complaint allegedly occurred on March 7, April 4 and 7, 1983; therefore, the misdemeanor charges of embezzlement in the superseding informations filed on July 31, 1984, were time-barred by the one-year statute of limitations.

## JUDGMENT OF ACQUITTAL

This case came on to be heard on the 12th day of December, 1984. The Defendant appeared in his own proper person and with counsel, Leonard B. Francis, Esquire. The Government of the Virgin Islands was represented by Malcolm Callender, Assistant Attorney General. The Defendant was previously arraigned and entered a plea of not guilty to Obtaining Money by False Pretenses (Counts I and II) in violation of 14 V.I.C. § 834(1); and not guilty to Embezzlement (Counts III and IV) in violation of 14 V.I.C. § 1093(a)(1).

The Court, after hearing the evidence for the Government acquitted the Defendant on Counts I and II, Obtaining Money by False Pretenses; and, in accordance with the memorandum of even date, acquitted the Defendant on Counts III and IV, Embezzlement.

NOW, THEREFORE, it is

ORDERED and ADJUDGED that defendant Walter Ellis be and he is hereby ACQUITTED on all counts, and his bond, if any, cancelled and his sureties released; and it is further

ORDERED that a copy of this judgment of acquittal be served upon the Defendant; and that copies be directed to Defendant's counsel, Leonard B. Francis, Esquire; and the Office of the Attorney General, Criminal Division.

## JUDGMENT OF ACQUITTAL

This case came on to be heard on the 12th day of December, 1984. The Defendant appeared in his own proper person and with counsel, Leonard B. Francis, Esquire. The Government of the Virgin Islands was represented by Malcolm Callender, Assistant Attorney General. The Defendant was previously arraigned and entered a plea of not guilty to Obtaining Money by False Pretenses (Count I) and Embezzlement (Count II) in violation of 14 V.I.C. §§ 834(1), 1093(a)(1), respectively.

The Court, after hearing the evidence for the Government, acquitted the Defendant on Count I, Obtaining Money Under False Pretenses; and, in accordance with the memorandum of even date, acquitted the Defendant on Count II, Embezzlement.

NOW, THEREFORE, it is

ORDERED and ADJUDGED that defendant Roosevelt Frazer be and he is hereby ACQUITTED, and his bond, if any, cancelled and his sureties released; and it is further

ORDERED that a copy of this judgment of acquittal be served upon the Defendant; and that copies be directed to Defendant's counsel, Leonard B. Francis, Esquire; and the Office of the Attorney General, Criminal Division.