## LEA v. UNITED STATES.
### No. 11736.

Circuit Court of Appeals, Fifth Circuit.
Feb. 15, 1947.

Rehearing Denied March 17, 1947.

Edwin H. Grace, of New Orleans, La., for appellant.

Herbert W. Christenberry, U. S. Atty., and N.E. Simoneaux and Robert Weinstein, Asst. U. S. Attys., all of New Orleans, La., for appellee.

Before HOLMES, McCORD, and WALLER, Circuit Judges.

WALLER, Circuit Judge.

When his demurrer to an indictment,[1] brought under Section 100, Title 18 U.S. C.A.,[2] was overruled, the defendant pleaded nolo contendere, was adjudged guilty, and received the sentence of the Court. He now appeals, assigning as error the overruling of the demurrer.

An indictment should state every material fact necessary to inform the defendant of the nature of the charge against him so that he would be able successfully to interpose a plea of former jeopardy against any other prosecution for this same offense. The indictment here alleges: That the defendant did unlawfully, feloniously, and fraudulently embezzle and con-

---

[1] The indictment alleged that the defendant "did unlawfully, feloniously and fraudulently embezzle and convert to his own use certain monies and property of the monies and property of the United States of America, to-wit, the sum of $18,133.64, a further description of which is unknown to your Grand Jurors, the said sum of $18,133.64, being the proceeds of sales of certain United States War Savings Bonds, Series E, made by United Theatres, Incorporated during the period aforesaid, the said United Theatres, Incorporated being then and there duly authorized and qualified to act as issuing agent for the sale of said United States War Savings Bonds, Series E, and the said defendant having then and there come into the lawful possession of said monies as an agent and employee of the said United Theatres, Incorporated;  *  *  *"

[2] "§ 100. (Criminal Code, Section 47.) Embezzling public moneys or other property. Whoever shall embezzle, steal, or purloin any money, property, record, voucher, or valuable thing whatever, of the moneys, goods, chattels, records, or property of the United States, shall be fined not more than $5,000, or imprisoned not more than five years, or both."

vert to his own use certain monies of the United States; that said monies were the proceeds of the sale of certain United States War Savings Bonds, which sales were made by the United Theatres, Incorporated; that the United Theatres, Incorporated, were duly authorized to act as issuing agent for the sale of said bonds; that the defendant came into lawful possession of said monies as an agent and employee of said United Theatres, Incorporated. Thus the ownership of the money, the source from whence it came, the lawful possession of the money by the defendant, as an agent, or employee, of the United Theatres, Incorporated, and the felonious conversion of the money by the defendant to his own use, were alleged.[3]

■■ We think: That the allegation that "the defendant having then and there come into the lawful possession of said monies as an agent and employee of the said United Theatres, Incorporated," should be taken in connection with the other allegations in the indictment and, so considered, it is an allegation of fact; that the facts alleged are sufficient to show that when the defendant, as an agent or employee, came into the lawful possession of said money, his possession was in trust; that the indictment is amply sufficient to sustain a plea of former jeopardy to any other indictment for the same offense, and that no omission therein hampered the defendant in preparing his defense.

Sec. 556, Title 18 U.S.C.A., is as follows:

"No indictment found and presented by a grand jury in any district or other court of the United States shall be deemed insufficient, nor shall the trial, judgment, or other proceeding thereon be affected by reason of any defect or imperfection in matter of form only, which shall not tend to the prejudice of the defendant."

Sec. 391, Title 28 U.S.C.A., commands that we "shall give judgment after an examination of the entire record before the court, without regard to technical errors, defects, or exceptions which do not affect the substantial rights of the parties."

The defendant, by his plea of nolo contendere, admits the truth of the facts appropriately alleged in the indictment, and we think the facts alleged are sufficient to charge him with the crime of embezzling monies of the United States as defined in the statute under which the indictment here was brought.[4]

The judgment of the Court below is affirmed.

---

[3] In Moore v. United States, 160 U.S. 268, 16 S.Ct. 294, 295, 40 L.Ed. 422, the crime of embezzlement was defined as "the fraudulent appropriation of property by a person to whom such property has been entrusted, or into whose hands it has lawfully come."

[4] Cf. Wilson v. United States, 5 Cir., 158 F.2d 659.