Johnny Gonzales NAVARRO and James David Mitchell (Dismissed as to James David Mitchell), Appellant,

v.

UNITED STATES of America, Appellee.

No. 15023.

United States Court of Appeals, Fifth Circuit.

Jan. 21, 1955.

M. Gabriel Nahas, Jr., James Royall, Houston, Tex., for appellant.

John C. Snodgrass, Asst. U. S. Atty., Malcolm R. Wilkey, U. S. Atty., Houston, Tex., for appellee.

Before BORAH and TUTTLE, Circuit Judges, and DAWKINS, District Judge.

TUTTLE, Circuit Judge.

Appellant, with Allen, James Mitchell and Nick Mitchell, was indicted in the district court for embezzling, abstracting, purloining and willfully misapplying funds of a member bank of the Federal Reserve System, whose deposits were insured by the Federal Deposit Insurance Corporation, 18 U.S.C.A. § 656, and with conspiring with the other defendants to commit such offense, 18 U.S. C.A. § 371.

Appellant admits that a case was proved against Allen, the bank employee, of having taken the funds in excess of $55,000, but he says the proof showed it to be a theft and not an embezzlement; that, therefore, there was a fatal variance between allegation and proof and that the trial court erred in overruling his motion for a judgment of acquittal on this ground.

The statute makes it an offense for a bank employee to embezzle, purloin, abstract or willfully misapply the bank's funds. The proof, given largely by the

* 1948 Revision, 28 U.S.C. §§ 1861, 1864.

bank employee himself, showed that the conspiracy called for Allen's taking a particular shipment of money that was expected on December 30, 1953 and, after counting it in his cage, then on the following morning putting it in a brief case and handing it over to defendant Mitchell, who would leave the bank and drive away in a car driven by appellant. All of these plans were carried out. Allen took the money from the cage over which he presided as teller, handed it to Mitchell in the men's room of the bank, Mitchell left the bank and was driven away by appellant.

All appellant has to say in support of his theory that no embezzlement was proved is summed up in the following paragraph from his brief:

> "It is appellant's contention that when Allen placed the money in the cash box, where he customarily left it, on the afternoon of December 30, 1953, he delivered it to his employer, and that when he took it out the following morning he did so with a felonious intent and was guilty of theft and not of embezzlement, because his taking of the money on the morning of December 31, to deliver it to Mitchell was wrongful."

The simple answer to this contention is that the only reason Allen had access to the money was because he was the teller in charge of this particular operation. His possession of it on the morning of the crime was as a trusted employee of the bank. This he testified to. Therefore, when he took advantage of his legal possession of the money to "abstract" it, he was guilty of the offense of embezzlement. Lea v. United States, 5 Cir., 159 F.2d 939, certiorari denied 331 U.S. 833, 67 S.Ct. 1513, 91 L.Ed. 1846; Eslick v. United States, 6 Cir., 76 F.2d 706, certiorari denied 295 U.S. 766, 55 S.Ct. 926, 79 L.Ed. 1707; Weinhandler v. United States, 2 Cir., 20 F.2d 359,

certiorari denied 275 U.S. 554, 48 S.Ct. 116, 72 L.Ed. 423.[1]

The trial court properly denied appellant's motion for judgment of acquittal.

Affirmed.

---

1. Cf. Williams v. United States, 5 Cir., 208 F.2d 447, in which we held that the act of a federal employee to obtain possession initially of specific property which otherwise would not have come into his possession, made his wrongful disposition thereof theft and not embezzlement, where he acted to obtain possession after forming the intent to steal.