**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Yvonne SAYKLAY, Defendant-Appellant.**

**No. 75–3871.**

United States Court of Appeals, Fifth Circuit.

Nov. 19, 1976.

Lee A. Chagra (Court appointed), Joseph Chagra, El Paso, Tex., for defendant-appellant.

John Clark, U. S. Atty., San Antonio, Tex., Wm. B. Hardie, Jr., Mike T. Milligan, Asst. U. S. Atty., El Paso, Tex., for plaintiff-appellee.

Before GOLDBERG, SIMPSON and GEE, Circuit Judges.

GEE, Circuit Judge:

Yvonne Sayklay appeals her jury conviction of embezzlement under 18 U.S.C. § 656 (1970),[1] claiming that the trial court erred in failing to grant her motion for acquittal based on either a failure of proof or a variance between the accusation and the proof. Reluctantly we conclude that the trial court should have granted the motion for acquittal, and we reverse and grant defendant's motion.

We do so reluctantly because the facts clearly show a violation of 18 U.S.C. § 656 (1970) in that the defendant *willfully misapplied* the moneys, funds and credit of the bank. She did not, however, *embezzle* the bank's funds, and this is the offense of which she has been convicted. The defendant was a bookkeeper at the Bank of El Paso in El Paso, Texas. As such, she had access to other bank employees' account numbers, to a check-encoding machine, and to blank counter checks. This she employed to acquire blank counter checks and encode other employees' account numbers on them. She then cashed the encoded checks through a teller. Knowing that the teller would verify only the accounts' status, not the owner of the accounts, she signed her own name to the checks.[2] When they arrived at the bookkeeping department, the defendant destroyed them. Inevitably, one of the employee-victims of the siphoning noticed the discrepancy. Her report provoked an investigation that led to the defendant. The government filed an information (the defendant having waived indictment) charging the defendant with five counts of embezzlement in violation of 18 U.S.C. § 656 (1970). After the government's evidentiary presentation, the defense moved for a judgment of acquittal that the trial judge denied. The jury later convicted the defendant on all five counts.

---

1. Whoever, being an officer, director, agent or employee of, or connected in any capacity with any Federal Reserve bank, member bank, national bank or insured bank . ., embezzles, abstracts, purloins or willfully misapplies any of the moneys, funds or credits of such bank or any moneys, funds, assets or securities intrusted to the custody or care of such bank, or to the custody or care of any such agent, officer, director, employee or receiver, shall be fined not more than $5,000 or imprisoned not more than five years, or both; but if the amount embezzled, abstracted, purloined or misapplied does not exceed $100, he shall be fined not more than $1,000 or imprisoned not more than one year, or both.

2. The defendant cashed a total of five checks in this manner, one check on the account of Louise Andrews and four checks on the account of Jean Cobb.

■ Long ago the Supreme Court defined "embezzlement" as "the fraudulent appropriation of property by a person to whom such property has been entrusted, or into whose hands it has lawfully come." *Moore v. United States,* 160 U.S. 268, 269, 16 S.Ct. 294, 295, 40 L.Ed. 422 (1895). *See United States v. Trevino,* 491 F.2d 74, 75 (5th Cir. 1974); *United States v. Kehoe,* 365 F.Supp. 920, 923 (S.D.Tex.1973). To support its charges, then, the government had to show that the defendant converted funds in her lawful possession. The government argues that it did so by showing that as a bank employee she was entrusted with all the tools needed to acquire the funds held in the other employees' accounts. With these tools she had access to the funds by means of her plan, and thus constructively possessed the funds in a manner sufficient to meet the possession element of embezzlement.

It is not so: the defendant at no time was entrusted with or came into *lawful* possession of the funds. Unlike funds in possession of a bank president or a teller, the funds she stole were not entrusted to her in any capacity whatever for the use and benefit of the bank. *See United States v. Northway,* 120 U.S. 327, 331, 7 S.Ct. 580, 30 L.Ed. 664 (1886) (president); *Navarro v. United States,* 218 F.2d 360, 361 (5th Cir. 1955) (teller). Even if access to the funds were equivalent to constructive possession, the only way she could get that access would be by unlawful means. *Cf. Williams v. United States,* 208 F.2d 447 (5th Cir. 1953), *cert. denied,* 347 U.S. 928, 74 S.Ct. 531, 98 L.Ed. 1081 (1954) (serviceman guilty of theft, not embezzlement, when he requisitioned propeller with intent to steal it and propeller would not normally have come into his possession). Absent initial lawful possession of the funds she stole, the defendant cannot be found guilty of embezzlement.

■ "Embezzlement" is a technical term, *see United States v. Wilson,* 500 F.2d 715, 720 (5th Cir. 1974), imbued with a specific meaning. To uphold a conviction for embezzlement under these facts would confuse the distinction that Congress clearly drew between embezzlement and other forms of conversion. *See United States v. Beard,* 436 F.2d 1084, 1089–90 (5th Cir. 1971). And it remains true that penal statutes are to be strictly construed, with ambiguities resolved in favor of leniency. *See United States v. Enmons,* 410 U.S. 396, 411, 93 S.Ct. 1007, 35 L.Ed.2d 379 (1973); *United States v. Quinn,* 514 F.2d 1250, 1259 (5th Cir. 1975). The defendant's wrongful actions render her an undeserving candidate for application of the principle, but doubtless most who require its assistance have been and will be undeserving. More is at stake here than convicting a wrongdoer of *something*: fidelity to Congress' clear purpose and refusal to convict anyone of a crime of which he has not been—and cannot be, on the facts—proved guilty. The essence of embezzlement lies in breach of a fiduciary relationship deriving from the entrustment of money. In this case the defendant's position at the bank aided her in her crime, but it did not place her in lawful possession of others' funds that she converted to her own use. This is a hard case, but the bad law (if such it be) was made when Congress chose to carry forward the technical and antediluvian elements by which the Supreme Court long ago distinguished embezzlement from similar crimes.

The government's choice of offense and failure to present evidence establishing an essential element of the offense requires that the trial court's refusal to grant the defendant's motion for acquittal be

REVERSED AND RENDERED.