UNITED STATES of America, Appellee,

v.

Michael J. CHAPMAN, Appellant.

No. 82–1549.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 17, 1982.

Decided Oct. 14, 1982.

---

James M. Rosenbaum, U. S. Atty., Thorwald H. Anderson, Jr., Asst. U. S. Atty., Minneapolis, Minn., for appellee.

Harry N. Ray, for Harry N. Ray, Ltd., Minneapolis, Minn., for appellant.

Before ROSS, McMILLIAN and ARNOLD, Circuit Judges.

PER CURIAM.

Michael Chapman was charged in a seventeen count indictment with embezzling over $64,000 from the Farmers & Mechanics Savings Bank of Minneapolis. The embezzlement occurred between March 30, 1979, and October 1, 1981, during which time Chapman was an officer of the bank. As manager of the personnel department, Chapman was authorized to pay obligations of the bank incurred by the personnel department from a budget allocated by the bank's Board of Trustees.

By forging vouchers and by intercepting checks to Farmers & Mechanics, Chapman was able to misappropriate funds from Farmers & Mechanics and deposit the money into his personal accounts at Farmers & Mechanics and Midland Bank. A jury found Chapman guilty on all seventeen counts and the district court[1] sentenced him to concurrent three year sentences on each count. Chapman appeals the conviction.

Chapman argues on appeal that the district court erred in failing to instruct the jury on the applicability of the Uniform Commercial Code to this case. Chapman reasons that Midland Bank erred in accepting checks which Chapman improperly endorsed and therefore Chapman is not at fault for the embezzlement.

We find no relationship between the rights of banks under the Uniform Commercial Code to negotiate a check and the crime of embezzlement. The district court properly instructed the jury as to the elements of the crime of embezzlement and did not err in refusing to give defendant's instructions regarding the Uniform Commercial Code.

Chapman also argues that embezzlement includes a requirement that the embezzler have control or lawful possession of the funds. He cites *United States v. Sayklay,* 542 F.2d 942 (5th Cir. 1976) in which the Fifth Circuit held that a bookkeeper did not have the requisite control over the funds to be guilty of embezzlement under 18 U.S.C. § 656 although she did willfully misapply the bank's funds. The evidence in the present case distinguishes it from *Sayklay.* The funds which Chapman embezzled were entrusted to him as department manager and were entirely within his control. *Id.* at 944. We find no error in the district court's refusal to grant defendant's motion for acquittal on this issue.

For the reasons stated we affirm the conviction of Michael Chapman.

---

1. The Honorable Harry H. MacLaughlin, United States District Court for the District of Minnesota.