**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 94-60051

UNITED STATES,

                                        Plaintiff-Appellee,

                        versus

JOYCE M. CAMPBELL,

                                        Defendant-Appellant.

Appeal from the United States District Court
For the Southern District of Mississippi
(CR-1:93-28(BR)(R))

(March 31, 1995)

Before VAN GRAAFEILAND[*], JOLLY and WIENER, Circuit Judges.

PER CURIAM:[**]

    A jury found Defendant-Appellant Joyce M. Campbell guilty of

embezzlement in violation of 18 U.S.C. §656. In addition to

ordering Campbell to pay restitution in the amount of $ 8,611.97,

---

    [*]Circuit Judge of the Second Circuit, sitting by
designation.

    [**]Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the Court has determined
that this opinion should not be published.

the court sentenced her to ten months imprisonment followed by three years supervised release.  Campbell appeals, seeking reversal of her conviction.  We conclude, however, that her conviction of embezzlement was free of reversible error and therefore affirm the district court's judgment in all respects.

I

FACTS AND PROCEEDINGS

Campbell was originally hired as a teller at the West Biloxi (Mississippi) branch of Peoples Bank, but she had been promoted and was working as an account representative during the time covered in her indictment.  As an account representative, Campbell served as secretary to the branch manager and performed teller duties, including the filling out of forms used to move bank funds internally.  The bank maintained a policy that permitted the transfer of a customer's funds from one account to another, or the application of a customer's funds to an outstanding loan balance, in response to the customer's telephone request.

After receiving a complaint from a customer that funds had mysteriously been withdrawn from his account, the bank discovered Campbell's activities in converting customer funds.  The government charged her with embezzlement and, at trial, presented evidence of nineteen transactions in which Campbell had caused funds to be transferred out of customers' accounts.  Each such transfer was either credited to Campbell's account or applied to another customer's account to cover some previous improper,

Campbell-generated withdrawal.  The evidence showed that Campbell fraudulently withdrew the funds by falsifying information on the bank's internal documents, such as checking account and savings account deposit slips, bank charge slips, and savings withdrawal slips, to reflect that a customer had made a telephone request for a transfer of funds.  In each instance, Campbell gave these documents to one of three different bank tellers, who routinely processed them without question on the basis of the account numbers Campbell had supplied.

After the government presented its evidence, Campbell moved for a judgment of acquittal, arguing that she did not have lawful possession of the funds at issue and therefore could not be convicted of embezzlement.  The district court reserved its ruling until after Campbell had presented her case, at which time the court denied her motion for acquittal, observing that Campbell had lawful possession of the funds by virtue of her authority and power to move the funds from one account to another.  The jury subsequently convicted Campbell of embezzlement, and this appeal ensued.

II

ANALYSIS

We review a district court's denial of a motion for judgment of acquittal <u>de</u> <u>novo</u>.[1]  A motion for acquittal should be granted

---

[1]<u>See</u> <u>United States v. Leed</u>, 981 F.2d 202, 205 (5th Cir. 1993)(<u>citing</u> <u>United States v. Sanchez</u>, 961 F.2d 1169, 1173 (5th Cir. 1992), <u>cert.</u> <u>denied</u>, 113 S.Ct. 330 (1992)), <u>cert.</u> <u>denied</u>, 113 S.Ct. 2971 (1993).

if the government fails to present sufficient proof to sustain a jury verdict of guilt on the charge, albeit we review the evidence supporting conviction in the light most favorable to the government.[2]

The Supreme Court in Moore v. United States[3] defined embezzlement as "the fraudulent appropriation of property by a person to whom such property has been intrusted, or into whose hands it has lawfully come."[4] Campbell argues that the government failed to prove a requisite element of the crime of embezzlement, i.e., that she had lawful possession of the funds involved in the transactions. Although Campbell concedes that she moved funds from customer accounts to her own account, she maintains that her handling of these funds was not lawful because the customer had not approved of the transactions before Campbell caused them to be processed. Campbell also stresses that she cannot be found guilty of embezzlement because she did not personally transfer the bank's funds, arguing that the tellers involved in the transactions, and not Campbell, processed the transfers after Campbell submitted the falsified documents.

In support of her position on appeal, Campbell contends that her activities were similar to those of the defendant in United

---

[2]See United States v. Stone, 960 F.2d 426, 430-31 (5th Cir. 1992)(affirmance of conviction is proper if rational trier of fact could have found that evidence established each essential element of offense beyond reasonable doubt).

[3]16 S.Ct. 294 (1895).

[4]Id. at 295.

States v. Sayklay[5], in which we held that Sayklay, the defendant bookkeeper, had not embezzled the bank's funds, even though the facts clearly showed her willful misapplication of the bank's funds.  Through her bookkeeper position, Sayklay had access to other bank employees' account numbers, blank checks and a check-encoding machine, which she used to falsify checks drawn on her co-workers' accounts.  Sayklay presented the fraudulent checks to a teller who gave her cash in return.  In reversing Sayklay's conviction, we stated that although "defendant's position at the bank aided her in her crime, . . . it did not place her in lawful possession of others' funds that she converted to her own use."[6]

We find that the facts in the instant case are clearly distinguishable from those in Sayklay and therefore conclude that Campbell's arguments are without merit.  Unlike the defendant in Sayklay, who could only manipulate the accounts through falsifying documents, Campbell had the authority to do directly that which she elected to do indirectly through the unwitting participation of the tellers whom Campbell interposed unnecessarily.  Thus she had constructive legal control of the funds that she caused to be moved from one account to the other.  In Sayklay we delineated a distinction between the funds that the defendant bookkeeper misappropriated and funds held by a bank teller, observing that "[u]nlike funds in possession of a bank president or a teller, the funds [that the defendant] stole were

---

[5]542 F.2d 942 (5th Cir. 1976).

[6]Id. at 944.

not entrusted to her in any capacity whatever for the use and benefit of the bank."[7] We noted as significant in <u>Sayklay</u> the fact that the only way the defendant bookkeeper could get access to the funds was by "unlawful means."[8] Campbell, however, as an account representative who also performed teller duties, was endowed with authorized access to customer accounts and bank funds; she did not need the services of another teller to process the documents required to convert the funds to her own use.

Campbell nevertheless insists that, as the proof presented at trial showed that she did not convert the funds herself directly but instead used other tellers to effect the conversion of funds, she may not properly be convicted of embezzlement. This is pure sophistry. Even though Campbell did not personally conduct the processing of the documents that she falsified, she nevertheless had the authority to process them and merely avoided processing them personally by submitting them to the other tellers - - clearly a superfluous step added unnecessarily by Campbell. Her use of the other tellers as unknowing tools (not unlike the bank's internal documents, which also served as tools) with which to advance her scheme and decrease her identifiable linkage to the transactions does not shield her from criminal liability for embezzlement. The fact remains that the bank entrusted Campbell with control and custody of its funds.

In rejecting Campbell's reliance on <u>Sayklay</u>, we find instead

---

[7]<u>See</u> <u>id</u>.

[8]<u>See</u> <u>id.</u>

that Campbell's machinations more closely parallel those we considered in United States v. Ehrlich[9]. In Ehrlich, we found that the defendant, a bank loan clerk, was properly convicted of embezzlement because she had been entrusted with control and constructive possession of funds in the bank's general ledger accounts.[10] We rejected that defendant's contention, as we do Campbell's, that her position was similar to that of the defendant in Sayklay, noting that in Ehrlich the defendant routinely and lawfully moved funds between various bank accounts through the use of debit and credit slips.[11] The government's evidence in the instant case reflects that Campbell had the authority to transfer funds between customer accounts and that she routinely performed these transfers.

Nevertheless, Campbell argues that she had authority to transfer the funds only after receiving a genuine customer request, and that her misappropriations were therefore accomplished without authority. This specious argument is unavailing, however: All crimes of embezzlement involve an unlawful act at some point. We look for authority emanating from the bank, not from its customers, in considering this element of embezzlement. The bank's vesting of Campbell with control and authority over the funds in the usual course of routine banking

---

[9]902 F.2d 327 (5th Cir. 1990), cert. den. 498 U.S. 1069 (1991).

[10]See id. at 329.

[11]See id.

7

transactions guides our determination here.

Like the defendant in Ehrlich, Campbell had more than mere access to the instrumentalities necessary to convert bank funds to her own use. Her position as account representative and part-time teller gave Campbell lawful access to customer funds and equally lawful authority and control to transfer funds. As the monies that Campbell caused to be converted to her own use came from funds lawfully entrusted to her by the bank, her embezzlement conviction was proper.

III

CONCLUSION

Campbell's actions in causing the transfer of customer funds for her own benefit more closely resemble the acts of the defendant in Ehrlich than those of the defendant in Sayklay. We thus conclude that the district court did not err in denying Campbell's motion for judgment of acquittal on the embezzlement charge. Her conviction on that charge is, therefore, AFFIRMED.