# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 29, 2010

No. 10-40263
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOSE M. GALLOSO-HURTADO,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:09-CR-982-1

Before BARKSDALE, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jose M. Galloso-Hurtado appeals his jury-trial conviction for possession of, with intent to distribute, 100 kilograms or more of marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B).  Galloso contends the evidence was insufficient to support his conviction, claiming the Government failed to show he knew there was marijuana in the trailer of his tractor-trailer truck when he drove it to a Border Patrol checkpoint.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

A district court's denial of a motion for judgment of acquittal is reviewed *de novo*. *E.g.*, *United States v. Campbell*, 52 F.3d 521, 522 (5th Cir. 1995). Galloso's motions for judgment of acquittal, made at the close of the Government's case and at the close of the evidence, preserved his challenge to the sufficiency of the evidence. *E.g.*, *United States v. Mendoza*, 226 F.3d 340, 343 (5th Cir. 2000). Accordingly, the jury's verdict will be upheld if a reasonable trier of fact could conclude from the evidence that the elements of the offense were established beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319 (1979). Along this line, the evidence, both direct and circumstantial, is viewed in the light most favorable to the jury's verdict. *E.g.*, *United States v. Resio-Trejo*, 45 F.3d 907, 910 (5th Cir. 1995).

As noted, the sole issue raised is Galloso's knowledge of the marijuana, an element necessary for his convictions. *See United States v. Garza*, 990 F.2d 171, 174 (5th Cir. 1993). That "element [for] a possession case can rarely be established by direct evidence". *United States v. Mendoza*, 522 F.3d 482, 489 (5th Cir. 2008) (internal quotation marks and citation omitted). Accordingly, "[a] jury may infer knowledge from the defendant's control over a vehicle containing contraband unless the drugs are hidden in compartments, in which case proof of the defendant's knowledge depends on inference and circumstantial evidence". *United States v. Garcia-Flores*, 246 F.3d 451, 454 (5th Cir. 2001).

The evidence demonstrates that Galloso initially told Border Patrol Agent Centeno that he had picked up a loaded trailer in McAllen, Texas, and was hauling it to New York. Galloso's story changed post-arrest, however, when he told Agent Centeno and Drug Enforcement Agency Task Force Officer Gutierrez the following: on 5 November 2009, he picked up another load in Laredo, Texas; he was called back to Laredo for picking up the wrong trailer; he returned it to Laredo; and then traveled, without a trailer, from Laredo to McAllen where he picked up the correct trailer. The trailer Galloso brought to the checkpoint, however, was his own trailer, and his story to Officer Gutierrez did not explain

2

where he left his trailer when he picked up the wrong trailer in Laredo. When questioned by Agent Centeno, Galloso could not explain what routes he had taken to Laredo and McAllen. Galloso's log-book entries, which were in his possession at the time of his arrest, did not provide any indication he had picked up a trailer in Laredo, and the trucking company owner testified the load Galloso picked up in Pharr, Texas, near McAllen, never originated in Laredo and was not arranged until 6 November 2009. Consequently, the load Galloso picked up in Pharr could not have been related to the alleged incorrect trailer Galloso stated he picked up in Laredo.

Finally, it was reasonable for the jury to infer Galloso would *not* have been entrusted to possess the 715 pounds of marijuana (with a value of more than $500,000) without knowledge of it. *See id.* at 455. Although Galloso maintains there are innocent explanations for his statements and for the implausibility of his story, the totality of the evidence was sufficient for a reasonable juror to infer that Galloso knew marijuana was in the trailer. *See id.* at 454-55; *United States v. Ramos-Garcia*, 184 F.3d 463, 466-67 (5th Cir. 1999).

For the first time on appeal, Galloso asserts: the Government was obligated, but failed, to prove he knew the drug quantity involved, making the evidence insufficient to support his conviction; and the jury instructions were erroneous because the district court did not instruct the jury on such obligation. Galloso concedes these related drug-quantity issues are foreclosed by *United States v. Betancourt*, 586 F.3d 303 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 1920 (2010), and raises them solely to preserve them for possible further review.

AFFIRMED.