[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10681
Non-Argument Calendar
_____

D.C. Docket Nos. 1:11-cv-23229-KMW, 09-28211-LMI

RICARDO FERNANDEZ,

                                             Plaintiff-Appellant,

versus

HAVANA GARDENS, LLC,

                                             Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 4, 2014)

Before TJOFLAT, PRYOR, and EDMONDSON, Circuit Judges.

PER CURIAM:

Debtor-Appellant Ricardo Fernandez ("Ricardo") appeals the district court's decision affirming the Bankruptcy Court's ruling in favor of Havana Gardens, LLC. The Bankruptcy Court awarded Havana Gardens a monetary judgment and determined that a portion of that judgment ($57,781.38) was non-dischargeable under 11 U.S.C. § 523(a)(4). No reversible error has been shown; we affirm.[1]

Briefly stated, Ricardo and Sergio Fernandez ("Sergio") entered into a business relationship to develop a parcel of real property into a condominium building. Ricardo and Sergio formed a limited liability company -- Havana Gardens, LLC -- and were the LLC's only managing members.

Over time, disputes arose about the handling of Havana Gardens's finances, including some state court litigation. After Ricardo filed for bankruptcy, Sergio and Havana Gardens filed this action in Bankruptcy Court seeking (1) a money judgment against Ricardo for money that Ricardo allegedly diverted from Havana Gardens and used for his personal benefit and (2) a determination that the debt resulting from the monetary judgment was non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) and (a)(4).

---

[1] Havana Gardens has not cross-appealed the Bankruptcy Court's decision; so we will not review whether the Bankruptcy Court erred when it determined that a portion of Ricardo's debt was dischargeable.

After a bench trial, the Bankruptcy Court awarded Havana Gardens a judgment for all personal expenses[2] that Ricardo paid for using the company's funds.[3]  But only a portion of that judgment was deemed non-dischargeable.

The Bankruptcy Court first determined that Havana Gardens was unentitled to relief under section 523(a)(2)(A) because nothing evidenced that Ricardo "obtained money under false pretenses".  See 11 U.S.C. § 523(a)(2)(A) (an individual debtor is not discharged "from any debt . . . for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by . . . false pretenses, a false representation, or actual fraud" (emphasis added)).

The Court also determined that many of Ricardo's personal expenses -- although paid for improperly using Havana Gardens's funds -- were not the product of "embezzlement" under section 523(a)(4).  Because Ricardo made no attempt to conceal the personal nature of many of his expenditures (particularly those payments which he paid for using company checks), he had not acted with fraudulent intent or deceit.

The Bankruptcy Court found, however, that Ricardo acted with fraudulent intent for two categories of personal expenses: undeposited rent payments and certain unexplained credit card charges.  Because the Bankruptcy Court concluded

---

[2] Except for Ricardo's personal health insurance and cell phone expenses, which the Bankruptcy Court determined Ricardo could have reasonably expected would be paid for by the company.
[3] The Bankruptcy Court also concluded that Sergio had no personal claim against Ricardo. Sergio has not appealed the Bankruptcy Court's order; so Sergio's claim is not before us.

that Ricardo had embezzled those funds, it declared that portion of Ricardo's debt non-dischargeable under section 523(a)(4). The district court affirmed.

We review the Bankruptcy Court's conclusions of law de novo and its findings of fact for clear error. See In Re Bilzerian, 153 F.3d 1278, 1281 (11th Cir. 1998). "Because a determination concerning fraudulent intent depends largely upon an assessment of the credibility and demeanor of the debtor, deference to the bankruptcy court's factual findings is particularly appropriate." In Re Miller, 39 F.3d 301, 305 (11th Cir. 1994). The creditor must show non-dischargeability by a preponderance of the evidence. Grogan v. Garner, 111 S.Ct. 654, 661 (1991).

A discharge in bankruptcy will not discharge an individual debtor from certain debts, including debts for embezzlement. See 11 U.S.C. § 523(a)(4). The term "embezzlement" in section 523(a)(4) is defined by federal common law. See In Re Langworthy, 121 B.R. 903, 907 (Bankr. M.D. Fla. 1990). Under federal common law, "embezzlement" is "the fraudulent appropriation of property by a person to whom such property has been entrusted, or into whose hands it has lawfully come." United States v. Sayklay, 542 F.2d 942, 944 (5th Cir. 1976).

On appeal, Ricardo does not dispute that he appropriated company funds for his own benefit. He contends, however, that he did not do so with the requisite fraudulent intent.

Ricardo argues mainly that, once the Bankruptcy Court determined that he had no fraudulent intent for purposes of section 523(a)(2)(A), the Court necessarily had to conclude that he had no fraudulent intent for purposes of section 523(a)(4).[4] But analyses under sections 523(a)(2)(A) and (a)(4) involve entirely different inquiries.

Under section 523(a)(2)(A), the issue is whether a debtor had fraudulent intent when he <u>obtained</u> money or property from a creditor.  <u>See</u> 11 U.S.C. § 523(a)(2)(A).  Because Ricardo, as the LLC's co-manager, was in lawful possession of Havana Gardens's money, he had no fraudulent intent to <u>obtain</u> the money for purposes of section 523(a)(2)(A).  Instead, the issue was whether Ricardo had a fraudulent intent to <u>appropriate</u> Havana Gardens's money for his own personal benefit.  <u>See Sayklay</u>, 542 F.2d at 944.  Because analyses of these two subsections involve separate inquiries, nothing was inherently inconsistent about the Bankruptcy Court's determining that Ricardo acted with fraudulent intent for purposes of section 523(a)(4) but not for purposes of section 523(a)(2)(A).  <u>Cf.</u> <u>United States v. Trevino</u>, 491 F.2d 74, 75 (5th Cir. 1974) (The "difference between the crimes of embezzlement and stealing [is that e]mbezzlement presupposes lawful possession and theft does not.").

---

[4] In making this argument, Ricardo relies heavily on selective quotes from the Bankruptcy Court's order which are taken out of context and which do not stand for the proposition that he asserts they do.

The Bankruptcy Court's conclusion that Ricardo acted with fraudulent intent was based mainly on the Court's adverse credibility findings. While Ricardo made no attempt to hide the majority of his personal expenses from Havana Gardens, the Bankruptcy Court found Ricardo's testimony about two categories of personal expenses to be untruthful.

First, Ricardo testified that sometimes tenants made checks payable to him personally instead of to Havana Gardens. Although Ricardo failed to deposit these rent checks in the company's bank account, he testified that he used the money to pay for company expenses. Because evidence existed that Ricardo sometimes deposited checks made payable to him in Havana Gardens's account, the Bankruptcy Court found Ricardo's testimony untruthful about the use of other checks made out to Ricardo personally. The Bankruptcy Court also found untruthful Ricardo's testimony that he split the rent payments between himself and Sergio. Ricardo presents no evidence refuting the Bankruptcy Court's credibility finding, and we see no clear error.

Ricardo also testified that various unexplained credit card charges were for appliances and closets for the condominiums. Because Ricardo testified inconsistently about whether he or a contractor installed the closets, and because Ricardo testified that he had an invoice for the appliances but failed to produce the invoice for trial, the Bankruptcy Court found his testimony untruthful.

6

On appeal, Ricardo challenges the Bankruptcy Court's adverse credibility finding about the charges for the appliances, contending that he was prevented from producing the appliance invoice at trial when the Court granted Plaintiffs' motion in limine.[5]  But the Bankruptcy Court's adverse credibility finding was not based on Ricardo's failure to produce the invoice at trial.  Instead, it was based on Ricardo's failure to produce the invoice during discovery, despite repeated requests for documents and despite his knowing that the invoice was pertinent to matters that would be litigated in the upcoming trial.  We defer to the Bankruptcy Court's reasonable assessment of Ricardo's credibility; and based on this record, the Bankruptcy Court committed no clear error in determining that Ricardo's testimony lacked credibility.

In the light of the Bankruptcy Court's adverse credibility ruling, Ricardo's testimony about the undeposited rent and about the credit card charges evidenced an attempt to conceal that he used company funds for his personal benefit.  That Ricardo regularly and openly used company funds for other personal expenses (for which the Bankruptcy Court determined Ricardo had no fraudulent intent), but

---

[5] Despite repeated requests from the State Court, the Bankruptcy Trustee, and Plaintiffs, Ricardo failed to produce corporate records -- including the invoice for the appliances -- until the evening before the last pretrial conference in this action, when he disclosed 166 new exhibits.  Plaintiffs filed a motion in limine to exclude the proposed exhibits based on Ricardo's alleged willful and repeated violations of the Court's discovery orders.  The Bankruptcy Court granted the motion.

attempted to hide his personal use of the company's rent payments and credit card also indicates that he acted in this respect with fraudulent intent.[6]

Havana Gardens has shown by a preponderance of the evidence that Ricardo acted with a fraudulent intent to appropriate certain company funds for his own benefit. Thus, the portion of Ricardo's debt attributable to the undeposited rent and the unexplained credit card charges is non-dischargeable under section 523(a)(4) as embezzled funds.

AFFIRMED.

---

[6] Ricardo argues that Sergio's knowledge of Ricardo's personal use of company funds should be imputed on Havana Gardens. Because of the secretive nature of Ricardo's use of the undeposited rent and the unexplained credit card charges, however, neither Havana Gardens nor Sergio had knowledge of, or acquiesced to, Ricardo's personal use of these funds.